ITALO MARTINO v. L. D. DEFELICE & SON, INC., ET AL.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE NO. 71631

Memorandum filed September 10, 1948.

*Thomas R. Robinson,* of New Haven, for the Plaintiff.

*William L. Hadden,* Attorney General, *Bernard A. Kosicki,* Assistant Attorney General, of Hartford, and *Sachs, Sachs & Sachs,* of New Haven, for the Defendants.

ALCORN, J.  The plaintiff is part owner and occupant of a dwelling house adjacent to a state highway construction project. The defendants are the state highway commissioner and two

contractors who are jointly engaged in doing the construction work about which objection is made. The substance of the plaintiff's complaint is that he will suffer irreparable injury unless the defendants are enjoined from continuing their present operations, which are described as exploding unreasonable quantities of dynamite at unreasonable hours, dumping substantial quantities of live sticks of dynamite in rubble adjacent to the plaintiff's property, and operating construction equipment of various types at unreasonable hours and with unreasonable noise. The claim is that the defendants' actions amount to a nuisance. It is not claimed that the possession or use of the dynamite is in any sense illegal or that it is a nuisance per se. The plaintiff's contention is mainly that the method of using and handling both the dynamite and the construction equipment is a nuisance because of the excessive noise involved.

These claims must be considered from the standpoint of whether the evidence justifies interference with a public work by the strong force of injunction, whether the method of doing the work is in fact shown to be unreasonable, and whether the plaintiff will suffer irreparable injury if an injunction does not issue. The remedy which the plaintiff seeks is not a matter of right but can be granted only under circumstances which satisfy the trier, in the exercise of a sound legal discretion, that the plaintiff is entitled to the relief in order to prevent a serious and irreparable injury. *Point O'Woods Association, Inc.* v. *Busher,* 117 Conn. 247, 250. The burden of proof, of course, rests upon the plaintiff, whose claims are to be weighed with that extreme caution which must be exercised where the granting of injunctive relief will result in embarrassment to the operations of government; *Coombs* v. *Larson,* 112 Conn. 236, 247; and after balancing the injury which the plaintiff claims against that which would result to the state and its people from an interference with this work by injunction. *Sisters of St. Joseph Corporation* v. *Atlas Sand, Gravel & Stone Co.,* 120 Conn. 168, 175.

Admittedly, the operation in which the defendants are engaged is the essential public purpose of constructing a tunnel to accommodate a new and important part of the state's highway system. Blasting at the tunnel began about June 22 and is expected to end in October. The work proceeds from 6 a. m. to 11 p. m. on weekdays. The type of rock through which the tunneling is done is such that the operation must proceed with dispatch in order to insure the greatest safety for the work-

men involved. Evidence is lacking to show that smaller blast charges could feasibly be used for the type of work involved. If smaller blasts could be used they would make little difference in the noise, they would have to be substantially more numerous, and the cost of the project would be materially increased. Most of the blasts are exploded between 6 and 9 p. m. The total charge for each blast averages about 500 pounds which is detonated in successive partial amounts or "relays," so-called, up to ten in number at intervals of a few seconds apart. The necessity of removing the rubble and shoring the tunnel after each blast requires an interval of several hours between blasts, and the essential continuity of the work accounts for blasting in the evening. Blasting is now being done more than 250 feet inside the tunnel, and as the work progresses deeper the vibrations and noises from the blasting become less disturbing at the surface. The use of compressors at the tunnel entrance is necessary in connection with the blasting operation and the plaintiff complains of excessive noise from this equipment. It is shown to be of a type which is standard and customary for this work, however. The rock blasted from the tunnel is removed by truck and spread by bulldozers to rough grade an adjacent section of the new highway. Necessarily heavy construction equipment must be employed, but the type in use is standard and customary equipment for such work. The plaintiff's house, unfortunately, is located close to the new highway fill and he has admittedly been subjected to the noise and discomfort which are the natural and normal accompaniment to highway construction demanded by present-day traffic. It is readily understandable that his patience is tried and that the noise and confusion is aggravating. With due regard, however, for the plaintiff's justifiable assertion of a right to the quiet enjoyment of his property, the fact must also be recognized that the benefits afforded by our highly integrated and mechanized society require the individual at times to suffer temporary inconvenience for the benefit of the greater number. The plaintiff himself travels daily from his home in Woodbridge to his employment in Hartford, an accommodation which he could not enjoy were it not for the conveniences of modern travel, of which the project now annoying him will eventually form a part. Before the circumstances causing him annoyance can ripen into nuisance they must be such as will produce a tangible and appreciable injury to his property or render its enjoyment specially uncomfortable or inconvenient. *Hoadley v. Seward & Son Co.*, 71 Conn. 640, 646.

The rough grading has already progressed several hundred feet beyond the plaintiff's house and consequently it is to be anticipated that the noise complained of from that source will diminish rather than increase. Both that and the blasting operation are destined to end shortly whereupon all of the elements forming the present complaint will cease entirely. Consequently, that irreparable injury essential to justify the relief sought cannot be said to exist.

The claim that substantial and dangerous quantities of unexploded dynamite are dumped with the rock fill near the plaintiff's house is not established. The evidence is that it is not unusual for some unexploded dynamite to escape notice among the blasted rock in an operation of this kind. The evidence indicates two instances in this case in both of which the offending substance has already been removed. The facts established do not justify the issuance of the requested mandatory injunction to compel the removal of unexploded dynamite. The transportation, storage and use of dynamite is, by statute, subject to supervision by the commissioner of state police, including "the abatement of any other hazards that may arise incident to the storage, transportation and use of such explosives." General Statutes, Cum. Sup. 1935, § 1008c. Through this agency, then, the plaintiff has constantly available another remedy if danger at any time arises. Should the work cause any physical injury to the plaintiff's property, he has his remedy at law for damages.

A further and equally important element to be considered is the form which an injunction order such as that sought by the plaintiff might take. The plaintiff does not seek to put a stop to the blasting and road construction operations, but instead, requests an injunction which will regulate the work within reasonable limits. The trier is left to formulate, without expert help, a precise definition of this term. Credible evidence offered by the defendants is that the work is being carried on in the standard and accepted fashion, and that neither the quantity of dynamite used nor the method of using it is unreasonable, nor is the operation of the equipment unreasonable. The fact that the commissioner of state police, under his statutory authority, has granted a permit for blasting operations between 6 a. m. and 11 p. m. except on Sundays, indicates his conclusion to be that such procedure is reasonable. The plaintiff has offered no evidence of engineers or persons familiary with construction methods to contradict that evidence or to furnish the trier with a basis for for-

mulating an injunction order sufficiently definite to be enforce-able which would define the steps to be taken in this operation in any different fashion than it is being conducted at present. A temporary injunction is denied.