[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TEMPORARY INJUNCTION
Plaintiffs bring this application to require the defendant to "reenroll Levar Mingo as a matriculating student" at Weaver High School ("Weaver") in Hartford, Connecticut. The court received the last brief on October 5, 1999.
 Facts
The plaintiff Levar Mingo (Levar) is a 17 year old Hartford resident who was an enrolled student in the tenth grade at Weaver from September 1998 through April 7, 1999.
On that date Levar was expelled from school for "verbal harassment to a staff member", Ms. Fortin, a teacher. His mother was told by a letter of April 8, 1999. The letter also said that a hearing in regard to Levar's expulsion would be held on May 17, 1999 at 3:40 p. m. before hearing officer Myles N. Hubbard, (Hubbard).
The hearing was held and Hubbard issued the following disposition: "Principal's recommendation upheld." Notice of that disposition was sent to Levar's mother on May 18, 1999.
The reason for the expulsion was the frequent use of an inappropriate and sexually insulting word referring to female genitalia to a woman teacher. The record discloses clear evidence of Levar's actions in this regard. Plaintiffs defense to that charge is that he did not do it. The hearing officer clearly agreed with the testimony of Ms. Fortin and concluded Levar used the word to her.
Upon his expulsion Levar has been in the Hartford Alternate Education program and was doing well.
 Law
The first question, as always, is does this court have jurisdiction? If the court grants the injunction it is sending him back to the same institution where the allegedly injured party, Ms. Fortin, is still employed and will be every day that Levar is in attendance. Does Ms. Fortin, the harassed teacher, have a right to be heard on this application? Should plaintiffs have joined her as a party? It is clear that her interest will be affected by the court's decision. But this court is not asked to issue any order requiring Ms. Fortin to do or not do anything. The court has jurisdiction. CT Page 14563
Here we have an action against a duly constituted governmental authority. In such a situation not only do the plaintiffs have the burden of proof but their "claims are to be weighed with extreme caution . . . where the granting of injunctive relief will be an embarrassment to the operations of government." Italo Martino v. L. D. Fence and Sons. Inc.,16 Conn. Sup. 18, 19. In addition when balancing the equities the injury to the municipality and its people must be considered. Id. 19, Connecticut Life Health Ins. Guaranty Association v. Salz,35 Conn. Sup. 13, 17.
For any injunction to issue the plaintiff must prove that he has no adequate remedy at law. This has been proven here. He must also prove that he has or will suffer irreparable harm injury. Although not so clear for the past the court finds it proven here as to the present and the future.
The court must also balance the equities among the parties. This requires the court to determine if Ms. Fortin has any equitable interest in the outcome of this matter. In addition there are many more woman at Weaver who could be affected by the comments found by the hearing officer to have been made. WaterResources Commission v. Connecticut Sand and Stone Corporation,170 Conn. 27, 33.
Ms. Fortin would not appear to be a necessary party to this action as she does not have a right in the subject of controversy, which a decree, more nearly or remotely ma affect. P.B. §§ 9-5, 9-18, Conn. Soc. of Architects. Inc. v. BankBuilding and Equipment Corp., 151 Conn. 68, 74.
In balancing the equities they clearly come down on the side of the defendant.
The power of the Board to expel exists by virtue of C.G.S. § 10-233d. The Board is allowed to appoint a hearing officer to determine if the conduct was "seriously disruptive of the educational process". It is the Board which is given the power to determine the facts that will justify an expulsion and it is in the Board's discretion as to how long, up to 180 school days, that expulsion is to continue. Water Resources Commission v.Connecticut Sand Stone Corporation, supra, 31-33.
The Board's authority is subject to the requirements of CT Page 14564 C.G.S. § 10-233e that the Board "shall inform all pupils within its jurisdiction and their parents and guardians . . . of the board policies governing student conduct and school discipline." That was done here and the hearing officer found the conduct seriously disruptive.
The last proof that plaintiff must offer to support her application is that she probably will prevail in the final hearing. This court is convinced she will not.
N. O'Neill, J.