THE CITY OF NEW LONDON *vs.* BRAINARD AND OTHERS.

Corporations have only such rights and powers as are expressly granted to them, or as are necessary, to carry into effect the rights and powers so granted.

The city of New London has no authority, in its corporate capacity, to appropriate money for the celebration of independence day.

Therefore, when said city voted an appropriation of $1,500, from the city treasury, to be expended in the celebration of said day, on a bill in equity,

New London *v.* Brainard and others.

brought by certain inhabitants, tax payers of said city, praying for an injunction, to restrain the payment of said sum, it was held, 1. That such vote was unauthorized, and not binding upon the plaintiffs. 2. That an injunction was the appropriate remedy for the injury complained of, and that such injunction was properly granted, against both the city itself and its treasurer.

This was a bill in equity, brought to the superior court for New London county, by Dyer T. Brainard and others, inhabitants of the city of New London, against said city and Robert Coit, their treasurer.

The plaintiffs alleged, substantially, that they were in habitants of said city, and entitled to vote in the legal meetings of the same; that they had been for many years the owners of real estate, situate within the limits of said city, liable to such taxes as may be legally imposed by said city, and that they had heretofore been assessed and taxed for such property; that, at a city meeting, warned for that purpose, and held on the 19th day of June, 1852, the following vote was adopted by a major vote, viz.:

"Voted, That the sum of fifteen hundred dollars be appropriated, out of the city treasury, for the purpose of celebrating the next anniversary of our national independence; and the city treasurer be instructed to pay over that sum to Maro M. Comstock, of New London, treasurer of the committee of arrangements, appointed by a meeting of the citizens, at Dart's Hall, for that purpose;" that the plaintiffs and many others present at said meeting, opposed said vote, and that the same was illegal, and said city, by their charter, had no right to appropriate and direct to be paid, moneys from the city treasury, for the purposes, and in the manner, specified in said vote; that there was then money belonging to said city, in the hands of Robert Coit, the treasurer of said city, raised by taxation, of which the plaintiffs had paid a part, or upon the credit of said city, for which the plaintiffs were liable to be taxed, in which they were interested, as inhabitants and tax payers, and that,

if the money appropriated by such vote is paid out, as therein directed, they would be wrongfully affected and injured thereby; that they were apprehensive said money would be paid, as directed by said vote, to their own great injury and to that of other inhabitants and tax payers in said city; and that they had no adequate remedy at law.

The bill prayed for an injunction, to restrain and enjoin said city treasurer and his successors in office, against complying with said vote, and paying over said sum of fifteen hundred dollars, or any part thereof, as therein directed, and also prayed for general relief.

At the term of said superior court, holden in September, 1852, said city treasurer made default of appearance; the city demurred generally to the sufficiency of the plaintiffs' bill. The court found the bill sufficient, and granted the injunction prayed for, against both the city and its treasurer.

Said city, by motion in error, thereupon brought the record before this court, for revision.

*Foster* and *Willey*, in support of the motion, claimed, 1. That the city have power to make the appropriation in question; but if they have not, an injunction will not be sustained or granted upon the application of individuals, unless they sustain an injury distinct from that which they suffer in common with the rest of the public. *Bigelow* v. *Hartford Bridge Co.*, 12 Conn. R., 568. *O'Brien* v. *N. & W. R. R.*, 17 Conn. R., 372.

2. That the equity jurisdiction of the court does not extend to the enforcing or regulating *official* duties. *Stillman* v. *Isham*, 11 Conn. R., 124. 2 U. S. Equity Digest, 69, sec. 107. *Hall* v. *Cushmun*, 6 Metcalf, 425. 2 Kent Com., 304. Stat. 1849, p. 131.

3. That the extraordinary remedy by injunction is not to be-exercised, except in cases of necessity, and then, with great discretion. 14 Conn. R., 580. And the court, in the exercise of a careful discretion, will not grant an injunction in this case.

*Crump,* contra, contended, 1. That the city vote in question was illegal; because, the city is a corporation, " possessing only those properties" (powers) " which the charter of its creation confers upon it, either expressly, or as incidental to its very existence." And neither expressly nor by implication, does the charter authorize an appropriation to celebrate the 4th of July. *Hodge* v. *City of Buffalo,* 2 Denio, 110.

2. An injunction is the only adequate remedy. It is said, " each tax payer aggrieved by this vote may resist the levy of a tax, to pay the appropriation, if the latter is illegal ;" but there was money in the city treasury, raised for other purposes, which would have paid this appropriation, thereby making necessary a tax to pay other and legal liabilities of the city, which a tax payer could not resist. The multiplicity of suits, which the remedy proposed by the city requires, is one of the mischiefs specifically mentioned as warranting the interference of a court of chancery, by injunction. *Mayor of York* v. *Pilkington, &c.,* 1 Atkyns R., 282. 2 Sw. Dig., 156. *The Mohawk R. R. Co.* v. *Artcher,* 6 Paige, 88.

STORRS, J. 1. It is well established, that corporations have only such rights and powers as are expressly granted to them, or as are necessary to carry into effect the rights and powers so granted.

It was accordingly held, in *Stetson* v. *Kempton,* 13 Mass. R., 272, where this principle is very fully vindicated and explained, that towns have no authority, in their corporate capacity, in time of war, or danger of hostile invasion, to vote money, and cause it to be assessed upon the inhabitants, for the purpose of raising money to give additional wages to the militia, or for the purposes of defence, in cases of invasion : and in *Hodge* v. *The City of Buffalo,* 2 Denio, 110, that the defendants had no power to contract a debt, for the purpose of defraying the expense of celebrating the anniversary of our national independence. In the former of these cases,

the action was against the assessors of the town, who assessed a tax, which was collected, in part, of the plaintiff, in pursuance of a vote of the town, to raise a certain sum of money, for the payment of additional wages to the militia, and other expenditures of defence; and the court refrained from expressing an opinion, on the question, whether any money actually in the treasury of the town, beyond what is needed for its ordinary expenses, and which is unappropriated, may be disposed of, in pursuance of a vote of the inhabitants, for the common defence. In the latter case, the action was brought against the city of Buffalo, to recover the amount of the expenses which it had, by a vote, authorized a committee to incur, on its behalf. We are unable to perceive any just ground of discrimination, between a disposition of moneys already in the treasury of the corporation, and a vote to raise money by a tax, or a contract to pay money, for such unauthorized purpose.

We do not find, nor have we been referred to, any express power in the charter of the city of New London, nor is there any general law, authorizing an expenditure of money, for the purpose for which the vote in question was passed; nor is any power conferred on that city, for the exercise of which such an expenditure is necessary. We think, therefore, that that vote is not binding on the plaintiffs.

2. An injunction in this case, was the appropriate remedy; because, first, the city corporation was in the nature of a trustee of the moneys in its treasury, for the corporators, the inhabitants of the city, for the purposes for which they were incorporated, and here was a meditated misappropriation of the trust fund; and, secondly, it is extremely doubtful, whether the plaintiffs could have any other remedy. The amount appropriated by this vote, was in the city treasury, and, if abstracted, must, when wanted for other and legitimate purposes, be supplied, by a tax on the inhabitants. It is suggested, that the plaintiffs should bring an action against the city, for a misappropriation of its funds,

or that, when such a tax is laid, they should, by a proper action, resist its collection. We are by no means prepared to say, that an action could be maintained, on either of these grounds, and are strongly inclined to think it could not. But, however this may be, we are clearly of opinion, that the plaintiffs are not bound to wait until the money is misspent, nor until such tax shall be levied, and attempted to be collected, but that they may call on a court of equity to interpose, by way of preventing the injury. On these grounds, the case comes within the ordinary jurisdiction of equity, in regard to injunctions.

This bill was brought both against the city and its treasurer. The former only, appeared to defend, and alone files this motion in error. It is questionable, whether it is competent for the city to object, that both should not have been joined ; but we think that the injunction was properly granted against the treasurer, as well as the city.

The judgment of the superior court is therefore affirmed.

In this opinion the other judges concurred, except WAITE, J., who heard the cause in the court below, and was disqualified.

Judgment affirmed.