NEIL S. GOULD, PLAINTIFF, v. THE BOARD OF EDUCA-
TION OF UNION FREE SCHOOL, DISTRICT No. 9, OF
THE TOWN OF LIVONIA, LIVINGSTON COUNTY, DEFENDANT.

*Board of education of a Union free school district — is a corporation — it may employ
an attorney to defend an action — it may select one of its own members to act as its
attorney* —1864, chap. 555, tit. 9.

The board of education of a Union free school district, formed under title 9 of
chapter 555 of 1864, is a corporation and possesses, in addition to the powers
expressly conferred upon it, those which are possessed by corporations by the
rules of the common law, and it may therefore employ an attorney to appear
for it and defend an action brought against it.
It may employ one of the members of its board to act as its attorney, and may
be compelled to pay to him the reasonable value of any services he may render.

MOTION for a new trial on exceptions ordered to be heard in the
first instance at the General Term, after a verdict had been directed
in favor of the plaintiff.

The action was brought to recover the value of professional
services alleged to have been rendered for the defendant by one
J. W. Byam, who had assigned his claim to the plaintiff.

*John W. Byam,* for the plaintiff.

*James Wood,* for the defendant.

BARKER, J.:

The defendant was created a corporation under and in pursuance
of title 9, chapter 555 of the Laws of 1864. It was held, in *Bassett
v. Fish* (75 N. Y., 303), that the board of education mentioned in
the act was created a corporation complete and possessed all the
powers conferred upon it by the other provisions of the act, and
possessed in addition thereto the functions and authority conferred
by other statutes, and such as corporations enjoy by the rules of the
common law; that the members of the board of education did not
possess the powers of school district trustees, but they were the
agents of the corporation by and through which it manifested itself
and discharged its duties and made and performed its contracts.

The defendant in its corporate capacity was authorized to take
charge and possession of the school-house, sites, lots, furniture, books,

apparatus and all school property within its territorial limits, and the title to the same was vested in it, and to take and hold for the uses mentioned in the statute any real estate transferred to it by gift, mortgage, bequest or devise of whatever kind given or bequeathed to the said corporation, and apply the same, or interest or proceeds thereof, according to the instructions of the donor or testator. The board of education was vested with the superintendence and management of the schools, and empowered to contract with and employ teachers and remove them for neglect of duty or immoral conduct, and to pay their wages out of moneys appropriated for that purpose. (Sec. 13, tit. 9.) It also possessed the powers, privileges and liabilities conferred upon corporations as enumerated in section 1, title 3, chapter 18 of the Revised Statutes (1 R. S., 599), which includes the power to sue and be sued, complain and defend in any court of law or equity, to make and use a common seal, and alter the same at pleasure; to appoint subordinate officers and agents, such as the business of the corporation shall require, and to allow them suitable compensation therefor.

By the common law corporations are deemed to have such powers as are specifically granted by the act of incorporation, and such further power as may be necessary for the purpose of carrying into effect the powers expressly granted, and that they possess none other. Such is now the provision of the statute on the subject. (*Talmage* v. *Pell*, 3 Seld., 340; 2 Kent's Com., 298; *Hodges* v. *The City of Buffalo*, 2 Denio, 110; *New London* v. *Brainard*, 22 Conn., 552.)

We entertain no doubt but that the board of education, as the agent of the corporation, had the power to employ an attorney and counselor-at law to conduct for them their legal business and to give them advice from time to time, as they should need it. It is a proper and reasonable power to confer upon the board of managers; to make defenses to such suits as may be commenced against the corporation, and it is necessary to enable them to protect the property of the corporation and not suffer claims to go to judgment by default. There is nothing in the act under which the defendant is organized, or in any other statute, depriving the corporation, through its proper officers and agents, of the right to defend all actions which may be instituted against it. It may become

necessary for such corporations to make contracts aside from the employment of teachers, such as insurance contracts, the loaning of moneys and taking securities therefor, and it would be unreasonable to hold that the board of managers could not commence or defend suits relating to such matters.

It is claimed by the learned counsel for the defendant that the board of managers had no authority to employ counsel to prosecute and defend actions, unless instructed so to do by a resolution of the district meeting, and refers to the provisions of section 7, title 9 of the Act. (Chap. 555 of 1864.)

We are of the opinion, and so hold, that the provisions of sections 7, 8 and 9 are limited in their application to school district trustees proper, and are not limitations upon the corporations created under the act, or upon the power and authority of the board of education, who act as the officers, agents and managers of the corporation.

It was admitted upon the trial that an action had been commenced against the corporation to recover wages claimed to be due one of the former teachers employed in the school maintained by the defendant, and at a meeting of the board of education, by a resolution in due form, John W. Byam, then a member of the board, was employed as attorney and counsel to defend the action, and that he acted as such, and that his services were reasonably worth $103.25, and that such claim and demand had been assigned to the plaintiff.

There is no requirement that the members of the board of managers, or any one of them, should act as attorney in defending suits prosecuted against the corporation, and they may properly employ others to perform that service, and the action of the board, within the scope of their authority on that subject, should be binding upon the corporation. (*People* v. *Board of Supervisors of Delaware County*, 45 N. Y., 199.)

It is now well settled that a board of managers of a corporation may employ one of its members to perform personal services which are beyond the range of its ordinary official duties, and that he is entitled to compensation therefor. (*Jackson* v. *N. Y. C. R. R. Co.*, 2 N. Y. Sup. Ct. [T. & C.], 653; S. C. affirmed in Court of Appeals, 58 N. Y., 623; *Bailey* v. *Buffalo Crosstown R. R. Co.*,

14 Hun 483; *Henry* v. *The Rutland and B. R. R. Co.*, 27 Vt., 435; *Hall* v. *Vermont and Mass. R. R. Co.*, 28 id., 401; *Chandler* v. *Monmouth Bank*, 1 Green [N. J.], 255.)

The plaintiff · is entitled to judgment upon the verdict, with costs of the action and this appeal.

Present — SMITH, P. J., BARKER, BRADLEY and HAIGHT, JJ.

Judgment for plaintiff ordered on the verdict.