FRANCIS D. MAFERA ET AL. v. STEPHAN POLEK ET AL.

Hon. John Clark Fitzgerald, a Judge of the Court of Common Pleas

Memorandum filed August 13, 1947.

*Edward J. Sigle,* of New Haven, for the Plaintiffs.

*Israel J. Jacobs,* of New Haven, for the Defendants.

FITZGERALD, J. In this proceeding the plaintiffs are seeking a temporary injunction to restrain the defendants, and each of them, from disturbing the tranquility of their home life. The plaintiffs are husband and wife and with their two very small

children occupy as tenants the second floor of the house at 80 Hallock Street, New Haven. The defendants are also husband and wife and occupy as tenants the first floor of the same house. It also appears that the owner of the premises is the father of the defendant wife and the grandfather of the plaintiff wife, which relationship makes the former woman the aunt of the latter. This relationship is only referred to for the purpose of indicating on the record the kind of pattern upon which the problem presented is designed. Experience has demonstrated in and out of the courts that ill feelings between relatives of the blood or by marriage transcend those between non-relatives. The adage that blood is thicker than water does not always hold, as this case demonstrates.

At the hearing on July 30 the defendants did not offer any evidence. At its commencement the defendant husband by conduct evidenced the fact that he was going to constitute himself boss of even a preceeding presided over by a judicial officer of the state. Unfortunately, the undersigned authority had opened the proceeding in the role of a chambers' judge and the power to hold in contempt a recalcitrant individual did not then attach. When the proceeding was resumed as an open court hearing with a sheriff in attendance to enforce order, this defendant had been withdrawn from the court room by his counsel. Hence opportunity to test the man's ability to deport himself like a gentleman under pain of contempt of court (which would have drawn a ninety days' sentence at least if cause arose) was not afforded.

From the evidence offered by the plaintiffs, it is found that the defendant husband comes within that classification known as a weekend drunkard; that when in this condition, which has its inception weekly on Fridays and extends until sometime on Mondays, he is offensive in speech and action to the point of depravity, and that such vitriolic conduct is directed against the plaintiffs, causing them great discomfiture of mind, which has had a physical toll upon the plaintiff wife.

While it cannot be found that the defendant wife is a chronic alcoholic, it can be found that she aids and abets her husband in his deviltry directed against the plaintiffs.

The preservation of the public peace is of vital concern to society generally. Dr. Clark in his Summary of American Law (1947), states (p. 260): "But the mere fact that an act was a

crime has not ordinarily, apart from statute, prevented equity from giving an injunction if there are other well-recognized grounds for exercising jurisdiction."

Sufficient grounds to grant a temporary injunction are deemed to exist. The defendants, and particularly the defendant husband, is found to have committed a series of breaches of the peace directed against the plaintiffs. To date one or more conferences have been held in the city attorney's office between the parties and a representative of that office for the purpose of bringing to an end the existing situation. The result was negative. It is considered that to await such time as the city attorney's office may see fit to inaugurate a criminal prosecution against the defendants would only afford the defendants more opportunity to make themselves obnoxious to the plaintiffs. Hence any remedy at law, civil or criminal, available to the plaintiffs could well prove to be without efficacy.

The plaintiff husband appears to be a man who has reached the limit of his patience with the defendants. I am of the opinion that he has been driven to the point where he might in a moment of frenzy take the law into his own hands and give the defendant husband a thrashing that could lead to dire consequences for him in the criminal Superior Court of the county, to say nothing of what might result to said defendant in a physical sense. A situation such as is found to exist here has too frequently resulted in murder, manslaughter or mayhem. To deny this petition to equity in the nature of an application for a temporary injunction could result in producing a situation so acute as to bring into question the moral integrity of the judicial officer before whom the application came for hearing.

In any event, the principal purpose served by a temporary injunction is the preservation of the status quo until the rights of the parties involved are determined with finality after a hearing on the merits. In the last analysis the trier is called upon to balance the results which may be caused to one party or the other, and if to deny such an application may result in great harm to a plaintiff and little to a defendant, a discretion in favor of its granting may be exercised unless, of course, the plaintiff is clearly without any right to such injunction issuing. See *Olcott* v. *Pendleton,* 128 Conn. 292, 295, and cases cited.

In view of the foregoing, a temporary injunction may issue restraining the defendants from using language directed against the peace of the plaintiffs' occupancy of their home; and further

restraining the defendants from causing all maner of noise in·tended to disturb the plaintiffs in the peaceful occupancy of their home. Bond, $150; penalty, $2000; order to be drawn and presented to the undersigned for approval as to form and for signature.

A final comment is deemed in order. It is true that a temporary injunction of this character is the exception 'rather than the rule. The circumstances are considered such that the exception should apply and the reasons therefore have been noted. Since the granting of a temporary injunction of this character is not subject to review in the Supreme Court, the trier is under the duty to consider most carefully all phases of a problem in determining whether equity should intervene to assist a plaintiff in his delemma. This has been done and the conclusion reached is that equity should intervene. In the event the plaintiffs should hereafter claim that the defendants, or either of them, have violated the injunction, a hearing will be held to determine if this is so. If a violation is determined, a jail sentence will surely be meted out for contempt. If the defendants obey the injunction they have nothing to fear. While the defendant hus·band is not and could not be enjoined from drinking, he should bear in mind that drink has contributed to the situation he now finds himself and his wife in, and be guided accordingly.

Temporary injunction granted on terms stated.