STANLEY J. MICHALOWSKI v. CITY OF NEW BRITAIN ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 83270

Memorandum filed October 13, 1948.

*Marvin D. Karp,* of Hartford, and *Theodore I. Koskoff,* of Bridgeport, for the Plaintiff.

*Harold J. Eisenberg,* of New Britain, for the Defendants.

INGLIS, J. This is an application for a temporary injunction to restrain the police officials of the city of New Britain from enforcing against the plaintiff an ordinance which is now in effect in that city.

The ordinance prohibits the use for any purpose whatsoever of "any device known as a sound truck, loud speaker or sound amplifier . . . or any instrument of any kind or character which emits loud or raucous noises and is attached to and upon any vehicle operated or standing upon any highway or public place in said City," except in an industrial zone, but exempts from the provisions of the ordinance the use of such devices by departments or agencies of the municipal, state and national government or by a religious institution. There is no provision for the licensing of the use of the proscribed devices by any official under any circumstances. The prohibition against their use is absolute except as regards the exemptions mentioned.

The plaintiff desires to use a sound truck for the purpose of making political speeches in the advancement of his campaign for election as state senator in the sixth senatorial district, which is New Britain. The defendants intend to enforce the ordinance against that use. The plaintiff's contention is that the ordinance is unconstitutional in that it violates article I, §§ 5 and 6, of the Connecticut Constitution, the guarantees of freedom of speech, and also in that it violates the fourteenth amendment of the

federal constitution in that it abridges the fundamental right of freedom of speech guaranteed by the bill of rights without due process of law.

It is well settled that courts may enjoin prosecutions for violations of penal statutes or ordinances if such statutes or ordinances are unconstitutional and if the enforcement of them will cause irreparable injury. *Scudder* v. *Greenwich,* 127 Conn., 71, .74. However, no temporary injunction should issue unless the plaintiff's right to a permanent injunction to the same end is clear.

It is fundamental that a state acting through its legislature or through the legislative body of any of its subdivisions may, under the police power, prohibit any acts which it is reasonably necessary to prohibit to protect the public health, safety and welfare. That is so even though such prohibition may abridge the property rights, liberties or other rights of some of its citizens. Those rights must yield when it is reasonably necessary to abridge them for the sake of the public health, safety and welfare. Accordingly, it has been held uniformly that it is competent for legislation to curtail freedom of speech and its closely allied constitutional guarantee, freedom of the press, where a proper exercise of the police power demands such curtailment. Cf. note, 114 A. L. R. 1446.

There can be no question but that a legislative body is acting within reason if it concludes that the use of sound trucks (the very purpose of which is to amplify sound so that it can be heard at a greater distance than it would be heard otherwise) is a nuisance, disturbing to the peace, destructive of privacy, particularly in residential areas, and disconcerting to the transaction of business in business areas. Excessive noise is not only destructive of privacy but also is deleterious to health. This is true no matter what time of day the excessive noise is produced. Whereas a person using his natural voice on a public street does not ordinarily make an excessive noise, it is quite a different matter if he speaks through an amplifier. His very purpose in using the amplifier is to spread a greater amplitude of sound. It is common knowledge that when so used such amplifiers invariably and inherently emit noises which are loud and raucous. It clearly, therefore, is a reasonable exercise of the police power to prohibit the use of sound amplifiers in the residential and business zones of a city at all times and without reference to the number of decibels of sound emitted.

It is irrelevant to say as the plaintiff does that the breach of the peace statute offers adequate protection against noise. That statute prohibits "tumultuous and offensive" noise. Noise may be harmful to the public welfare if it is not tumultuous and offensive. In any event a statute is not unconstitutional simply because it prohibits specifically the same acts which are prohibited in general terms by another statute.

In the present case the common council of the city of New Britain determined that the use of the proscribed devices in the residential and business zones of that city was inimical to public welfare. Such a determination was reasonable. It was therefore competent for that common council, acting under the police power, to forbid their use as it did in the ordinances even though that prohibition did limit unrestrained freedom of speech.

The plaintiff bases his case on the decision of the Supreme Court of the United States in *Saia* v. *New York,* 334 U. S. 558, and other cases cited therein. That case, however, is clearly distinguishable from the present case. In the *Saia* case the ordinance involved prohibited the use of sound trucks unless a license for their use was obtained from the chief of police. That is, the legislative body which adopted the ordinance obviously had determined that public health, safety and welfare demanded, not the complete prohibition of the use of sound trucks, but only the licensing of their use. The crux of the case is that in requiring the licensing of the use of sound trucks the legislative body had not set up any standards to control the issuance or refusal of a license. It was upon the familiar ground that it is not a proper exercise of the police power to leave the decision of what may be done or what may not be done to the whim and uncontrolled discretion of an administrative officer (*Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 701) that the *Saia* case is decided. And the same is true in such cases as *Cantwell* v. *Connecticut,* 310 U. S. 296; *Lovell* v. *Griffin,* 303 U. S. 444, and *Hague* v. *C. I. O.,* 307 U. S. 496, 83 L. Ed. 1423.

In the present case the legislative body has not left the determination of whether a sound truck may be used in New Britain to the uncontrolled discretion of an administrative officer. The common council itself has decided that the public health, safety and welfare demand that such amplifying devices should not be used in the residential and business zones of the city except as expressly provided in the ordinance. The common council having made that determination, there is enough vice in the

use of sound trucks so that no court could say that the restraint on their use as provided in the ordinance is an unreasonable exercise of the police power. The conclusion necessarily follows that the ordinance is not unconstitutional.

The application for a temporary injunction is denied.