This is a motion for a temporary injunction to restrain the defendant from picketing in front of the open air theater conducted by the plaintiff. *Page 417 
There is no dispute between the plaintiff and the one projectionist employed concerning wages, hours or working conditions. The defendant, however, claims the working conditions and wages are not comparable and are below the standards of other theaters in the community.
There is no question that the picketing is peaceful and that the signs carried simply state that "This theater does not employ members of Local 402, Motion Pictures Operators, A. F. of L."
Both parties are agreed that one question involved is whether upon the above state of facts there is a "labor dispute" within the meaning of General Statutes, § 7408.
Excellent briefs have been filed covering the issue and the mass of cases cited and reviewed by the court leave no doubt that the matter has been the subject of considerable controversy with a variety of opinions it is impossible to reconcile.
Our statute clearly defines a "labor dispute" as including "any controversy concerning terms or conditions of employment ... regardless of whether or not the disputants stand in the proximate relation of employer and employee." That this statute is patterned after the Norris-LaGuardia Act and that the facts similar to those in this case have been ruled to be within the meaning of a "labor dispute" there seems to be no question. Note, 11 A. L. R.2d 1338, 1354. Even granting that there are cases opposed to this view, it does not follow as a matter of law that simply because no "labor dispute" exists an injunction must be granted as a matter of course.
We have recognized peaceful picketing in this state where it consists not only of the absence of violence but the absence of any unlawful act. Picketing which does not interfere with the person or property of another by the unlawful use of force, violence, intimidation or threats, is authorized. It precludes any form of physical obstruction or interference with an employer's business or the misrepresentation of the facts of the controversy, and it should not go beyond the area of peaceful persuasion. The boundary between lawful and unlawful conduct is that between peaceful persuasion and intimidation.
The picketing in this case, under the facts as presented, amounted to no more than the exercise of free speech in notifying the public of the failure to employ union labor and as such *Page 418 
amounted to peaceable persuasion. Such peaceful picketing which is used properly as an instrument of publicity is protected by the Fourteenth Amendment. Thornhill v. Alabama,310 U.S. 88.
This, of course, does not negative the right of the state to proscribe laws on peaceful picketing, but in so doing they must not be so artificial or unreal as in effect to amount to discrimination.
Some cases have been cited where such picketing is found to be in violation of some valid law or in opposition to the expressed public policy of the state. No cases or statutes in this state have been called to the attention of the court wherein the first premise might be involved and likewise there seems to be no expressed public policy against such picketing.
In the case of Building Service Employees InternationalUnion v. Gazzam, 339 U.S. 532, relied upon from a policy standpoint, it appears that the policy of the state of Washington was definitely set out by legislative enactment.
Thus, it seems there is no restriction either in the laws of this state or in its public policy to warrant the injunctive action requested.
Furthermore, a temporary injunction should not be issued unless the rights of the plaintiff are clear and it is reasonably certain that in the end he will prevail, particularly since in this state no appeal lies from the issuance of a temporary injunction.
Two other instances have been cited in this state where similar facts have given rise to injunctive relief but until there is a definite finding by the Supreme Court on the matter this court does not feel that the relief requested is justified under the facts of this case.
 Motion denied.