BIAGIO NICOLI *v.* THE FROUGE CORPORATION

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 163797
AT BRIDGEPORT

Memorandum filed June 20, 1977

*Mirsky & Belinkie,* for the plaintiff.

*Goldstein & Peck,* for the named defendant.

*Thomas E. Minogue,* for the defendant K.B.C. Corporation.

*Carl R. Ajello,* attorney general, and *Larry H. Evans,* assistant attorney general, for the state as an intervening defendant.

BURNS, J. The plaintiff filed a verified complaint in which he alleged that, on or about March 18, 1964, the defendant Frouge Corporation (hereinafter referred to as Frouge), owner of the Trumbull Shopping park, entered into a written lease with Progress Realty Corporation for rental space in the shopping park for the operation of an Italian restaurant; that in August, 1966, he purchased all the

outstanding stock of Progress Realty with the consent and approval of Frouge; that on or about November 14, 1968, Progress was dissolved by forfeiture by the state of Connecticut and that, as a result, all the rights, privileges, duties, liabilities and obligations of Progress under the lease vested in the plaintiff; that there is pending in the Court of Common Pleas at Bridgeport a summary process action between the plaintiff and Frouge in which Frouge claims breaches of the lease; that, under the terms of the lease, Frouge covenanted and agreed not to permit the occupancy by another Italian-American restaurant in the complex within 400 feet of the premises occupied by the plaintiff and gave the plaintiff the exclusive right to sell pizza within the Trumbull shopping complex; that Frouge was about to enter into a lease authorizing a new tenant to operate an Italian-American restaurant and/or to sell pizza within those 400 feet; that if Frouge is allowed to do so, the plaintiff will suffer irreparable injury owing to loss of business, and that, unless Frouge is restrained from further breaches, the plaintiff will continue to suffer irreparable injury in the future. In his complaint, the plaintiff sought a temporary and permanent injunction restraining Frouge from violating the covenants and entering into a lease giving another party the right to sell and serve Italian-American food and/or to sell pizza within 400 feet of the plaintiff's premises; a temporary and permanent injunction so restraining Frouge until the summary process action has ultimately been determined; and a temporary order restraining the defendant from violating the covenants and entering into such a lease.

Subsequently the plaintiff cited in K.B.C. Corporation (hereinafter referred to as K.B.C.) as a party defendant and filed an amended complaint in which count one recites the provisions of the original

complaint and adds an allegation that the plaintiff has no adequate remedy at law since, if Frouge is permitted so to act during the pendency of an action for breach of contract, the plaintiff's business and livelihood would be substantially impaired or destroyed. In count two the plaintiff alleges that the defendant Frouge has entered or is about to enter into a written lease with the defendant K.B.C., empowering K.B.C. to operate an Italian-American restaurant and/or to sell pizza within 400 feet of the plaintiff's restaurant, and he repeats the allegations respecting irreparable injury and lack of an adequate remedy at law. The same prayers for relief as to Frouge are set forth as in the original complaint, together with a further prayer for a temporary and permanent injunction restraining K.B.C. from selling Italian-American food and/or pizza within 400 feet of the plaintiff's restaurant.

The state of Connecticut moved to intervene in this action for the purpose of arguing: (1) that the lease provision sought to be enforced is impermissibly in restraint of trade under the provisions of chapter 624 of the General Statutes, the Connecticut Anti-Trust Act; (2) that Frouge, under the provisions of a consent decree in a case previously brought to the Superior Court, is enjoined from carrying out any contract provision which prohibits Frouge from leasing premises in the Trumbull Shopping Park to any particular tenant or class of tenants; and (3) that, under the provisions of that decree, Frouge is required to release on the land records of the town of Trumbull any covenant to that effect contained in leases of any premises in that park and to notify all tenants of the decree and release.

Subsequent to the initiation of the present action, the Court of Common Pleas, in the aforementioned

summary process action, rendered judgment for Frouge to recover possession of the plaintiff's premises, which judgment is currently on appeal.

A temporary injunction should not issue unless the rights of the parties are clear and it is reasonably certain that, in the end, the plaintiff will prevail. *Torrington Drive-In Corporation* v. *I.A.T.S.E.M.P.M.O. Local 402, A.F.L.,* 17 Conn. Sup. 416, 418. In the present matter the rights of the parties are such that it is far from certain that, in the end, the plaintiff will prevail. The defendant has secured a judgment for possession of the premises from the Court of Common Pleas and, while it is true that that judgment is currently under appeal, it continues in effect, with execution thereof suspended, until such time as it may be set aside on appeal. *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, 144. The court cannot speculate that that will be the case.

The tenuous nature of the plaintiff's claim is further accentuated by General Statutes § 35-28 (d) which provides that a contract is unlawful when the same is for the purpose or has the effect of "refusing to deal, or coercing, persuading, or inducing third parties to refuse to deal with another person." That section has been construed by this court (*Levine, J.*) as applying to agreements where the purpose is to coerce third parties in order to inhibit competition or which have a pernicious effect on competition and lack redeeming virtue. *Connecticut Assn. of Clinical Laboratories* v. *Connecticut Blue Cross, Inc.,* 31 Conn. Sup. 110. The covenant here sought to be enforced appears to have no other purpose than to inhibit competition and, clearly, an injunction, if issued, would do precisely that.

It is further incumbent on the plaintiff to allege and prove facts which will establish the imminence

of substantial and irreparable damage; *Scoville* v. *Ronalter,* 162 Conn. 67, 74; and lack of an adequate remedy at law. *Theurkauf* v. *Miller,* 153 Conn. 159, 161. The plaintiff's counsel in oral argument represented that the plaintiff estimates a loss of $2000 per week since the defendant K.B.C. has been in business in the shopping park under the lease sought to be enjoined. The damages of the plaintiff are, then, ascertainable and the extraordinary process of injunction may not be extended for breach of contract since there is available an adequate remedy at law in a suit for damages. *Bown* v. *Dunnigan,* 12 Conn. Sup. 174, 176.

Judgment may enter for the defendants.