[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PLAINTIFF'S TRIAL BRIEF
QUESTION PRESENTED: To what extent must irreparable harm be proven to support the issuance of a temporary injunction in this case?
ARGUMENT: The general concept behind a temporary injunction is to preserve the status quo until the issue can be fully litigated on the merits. Mafera v. Polek, 15 Conn. Sup. 132, 132. In practice, CT Page 5852 however, the temporary injunction is most frequently utilized in extreme situations to maintain the status quo ante; that is, where the failure to issue it will result in undue hardship, and only then if it appears that the plaintiff would ultimately be entitled to a permanent injunction. Mele v. High Standard Mfg. Co., Inc.,13 Conn. Sup. 47, 50; Michalowski v. City of New Britain,16 Conn. Sup. 9, 11; Torrington Drive-In Corp. v. I.A.T.S.E.M.P.M.O. Local 402, A.F.L., 17 Conn. Sup. 416, 418.
To that end, it could be argued that a temporary injunction should be issued if the Plaintiff's right to a permanent injunction is clear.
The precedent is strong in this state that an injunction is an appropriate action to prevent the illegal and abusive exercise of governmental power. In Scalo v. Mandanici, 179 Conn. 140, the Court held that where a municipal ordinance is declared "invalid, legally ineffective or ultra vires, it is clear that a court may grant an injunction to prevent the illegal exercise of power." Whitney v. New Haven, 58 Conn. 450 as cited in Scalo v. Mandanici,179 Conn. at 146. Further, taxpayers have a right to enjoin the enforcement of an invalid ordinance where its enforcement will require the expenditure of public funds. Mayor of City of Americus v. Perry, 114 Ga. 871, 40 S.E. 1004 (1902), as cited in Scalo v. Mandanici at 146. The Court in Scalo further held that unauthorized disbursement of public funds by a municipality can best be remedied by an injunctive order (emphasis added) because if such payments continue said money would be irretrievably lost, to the detriment of the taxpayers. Id. at 146.
Similarly, the Court in New London v. Brainard and others,22 Conn. 552, 556, found the Town's disbursement of public funds to be unauthorized and illegal and subsequently held that an injunction was the appropriate remedy in this case. The Court reasoned that because 1) the city was acting as trustee of the moneys in its treasury for the inhabitants of the city and 2) that this was a meditated misappropriation of the trust fund, the injunction was the appropriate remedy. Id. at 556. The Court reasoned that it was extremely doubtful that the plaintiffs had any remedy other than seeking an injunction to restrain the improper spending of public trust funds. Further, the Court addressed the situation that would arise when the money taken from the treasury was eventually needed for legitimate purposes. It was presumed that the missing money would be supplied by additional taxation. The Court held (at 557) that the taxpayers would not be bound to wait until the money is further misspent nor until another tax shall be levied, rather, the Court held that an injunction was proper and in the ordinary jurisdiction of equity. This holding would tend to disarm Defendant's argument that the Plaintiff's 1066 is only monetary and therefore outside the grounds warranting the issuance CT Page 5853 of a temporary injunction.
The Plaintiff is the agency with the fiduciary responsibility for the Pension funds. It has the primary standing, indeed the duty, to seek "to prevent threatened injury to property even against a municipality in the exercise of its government functions." Danbury N.R. Co. v. Norwalk, 37 Conn. 109, as cited in Morgan B. Brainard v. Town of West Hartford, 18 Conn. Sup. 218,222.
It has been held that courts will not interfere with the exercise of discretionary powers vested in a public official in the absence of fraud, corruption, improper motives or influences, plain disregard of duty, gross, abuse of power or violation of law. State ex rel Harrison v. Wilson, 116 Conn. 36, 43; Munson v. MacDonald, 113 Conn. 651, 656; State v. McCook, 109 Conn. 621, 628. Here there is an ample basis to find such abuse of power. We have testimony from Finance Director of the Town of Stratford that the payments are contrary to actuarially sound policy as required by the retirement ordinance. Admittedly, there was no study as required by C.G.S., Section 7-450a(b) prior to the enactment of a change in the pension retirement system. Either one of these circumstances would justify the issuance of a permanent injunction. It would follow that a temporary injunction should be granted in consideration of these facts to prevent subjecting the pension fund to a loss of $3,000,000.00 and the adverse and debilitating precedent of further depleting the already underfunded trust funds.
CONCLUSION: The actions contemplated by the Finance Director as mandated by the Stratford Town council are illegal and an abuse of power. These acts are in violation of the Retirement Ordinance (Plaintiff's Exhibit C) and C.G.S. Section 7-450a(b).
A temporary injunction should issue to restrain the illegal depletion of pension funds. An order in the nature of a mandamus should issue to require the payment of retirement benefits to retirees from the general fund in the manner in effect immediately prior to the illegal changes in the retirement system.
THE PLAINTIFF
BENSON A. SNAIDER BENSON A. SNAIDER, P.C. ITS ATTORNEYS