[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiffs request this court to issue a temporary injunction compelling the defendants to replace an asphalt pathway which had existed on the defendants' property and was used by the plaintiffs. The plaintiffs claim the defendants' property is subject to an easement entitling them to use the asphalt pathway. For the reasons stated below, the application is denied. CT Page 2032
The defendants are constructing a house on a lot next to the plaintiffs' home. In the course of construction, the defendants removed an asphalt pathway which ran part way along and within the northerly border of the defendants' property. The pathway was short and partially overgrown with vegetation. Apparently, it was a relic from a previous use of the property. The plaintiffs had often used the pathway to walk around a patio stairway located on the side of their house. The plaintiffs believed the pathway was on their property until a recent survey showed the pathway was located on the defendants' property.
The plaintiffs, claiming an easement by implication was created when they purchased their home from a person who at the time owned the lot the defendants eventually purchased, brought this law suit to regain their use of the pathway. At this preliminary state of the proceedings, they want this court to compel the defendants to reconstruct the asphalt pathway so that the plaintiffs may use it while this lawsuit is being resolved.
"A temporary injunction should not be issued unless the rights of the plaintiff are clear and it is reasonably certain that in the end he will prevail, particularly since in this state no appeal lies from the issuance of a temporary injunction." Torrington Drive-in Corp. v. Local 402, 17 Conn. Sup. 416, 418 (1951); Devine Bros., Inc. v. International Brotherhood, 145 Conn. 77, 80 (1958). "The requirements for a temporary injunction are (1) establishing a legal right, which involves a determination of the probability of the plaintiff's succeeding on the merits and that there is no other adequate remedy at law, and (2) the imminence of a substantial and irreparable injury to the plaintiffs, considered together with the effect of a temporary injunction of the plaintiff and the defendant." Connecticut Assn. of Clinical Laboratories, v. Connecticut Blue Cross, Inc., 31 Conn. Sup. 110, 113 (1973). Based on the facts of this case, it is not at all clear that the plaintiffs will ultimately prevail.
For an easement by implication to exist, the use of the pathway during the time the previous owner held title to the two parcels must have been obvious and necessary for the fair enjoyment by the plaintiffs of their property. Rischall v. Bauchmann, 132 Conn. 637,642-43 (1946). Neither of these factual elements have been clearly established by the evidence.
The application for a temporary injunction is denied. CT Page 2033
THIM, JUDGE