HARRY E. OLCOTT *v.* CHARLES P. PENDLETON ET AL.

MALTBIE, C. J., AVERY, JENNINGS and ELLS, Js.[1]

Argued October 7—decided November 7, 1941.

---

[1] Brown, J., took no part in this decision.

*Arthur E. Howard, Jr.,* and *William A. Reiner* for the defendants.

*Allyn L. Brown, Jr.,* for the plaintiff.

MALTBIE, C. J.  This is an action by a taxpayer of the town of Bloomfield, brought to restrain the board of finance from removing the town manager in the exercise of the power given it to take such action in § 434 of the General Statutes.  The complaint, which is very detailed and voluminous, alleges a long course of dispute between the board and the manager.  This culminated in a vote on July 10, 1941, stating that a majority of the board, after due consideration, had reached the conclusion that the manager was without the necessary qualifications for his position, with an enumeration of certain specific charges.  On the night of the same day notice of the charges and of a hearing to be held upon them on July 14, 1941, was served on the manager.  The complaint alleges, in substance, that action by the board upon the hearing would be illegal because a majority of its members had already reached the conclusion that the manager should be removed; that they intended, because of personal hostility, to dismiss him at any cost, even without cause; and that they threatened to prevent town expenditures regardless of town needs.  The relief sought was a temporary injunction restraining the board from holding the hearing on July 14th, from holding any hearing at any time for the purpose of removing him upon charges stated in the vote, and from interfering with him in the performance of his duties and the receipt of the salary to which he is entitled, and a permanent injunction to the same effect.

On the basis of the complaint, *Molloy, J.,* issued a temporary injunction as prayed for.  Thereafter a

motion to dissolve it came before *Klau, J.*, and at the hearing on the motion, as the day set originally for the manager to appear to answer the charges had passed, a substitute form of injunction was offered, omitting the provision asking that the holding of that hearing be restrained. Judge Klau granted the motion substantially upon the ground that equity was without power or jurisdiction to interfere in a question concerning the right of a municipal officer to hold office. He did, however, continue the injunction pending a proposed appeal to this court from the order dissolving it.

The defendants have moved to erase the appeal on the ground that the order dissolving the temporary injunction was not a final judgment from which an appeal would lie. As upon the final hearing of the cause the plaintiff might still establish his right, the order was not a final judgment within the principles of former decisions we have made. Conn. App. Proc., § 96 et seq. Indeed it is generally held that in the absence of special statutory provisions an order continuing or dissolving a temporary injunction is not a judgment from which an appeal may be taken. 3 C. J. 558; 4 C. J. 297. The words "upon final hearing" in the provision of § 5903 of the General Statutes concerning an order for continuing a temporary injunction where a judgment adverse to it is rendered do not refer to a decision upon a motion to dissolve a temporary injunction but to the final judgment in the action.

The principal contention of the plaintiff is that if the temporary injunction is dissolved, presumably the board of finance would proceed at once to remove the manager and that in fact irreparable damage would be done though the plaintiff finally prevailed in the action. Even in the absence of the statute, there is some authority that if the effect of an interlocutory decree

is to do irreparable damage, an appeal will lie; see *McAuslan* v. *McAuslan*, 34 R. I. 462, 467, 83 Atl. 837; *McCarthy* v. *Chicago Title & Trust Co.*, 264 Ill. App. 423; but these decisions are treated as exceptional. 4 C. J. 198. Aside from the nature of the order in such a case as this, the obvious difficulty under our procedure in adopting the plaintiff's contention is that it necessarily involves a determination of facts dehors the record, and the placing of these facts before us. There is no way in which that can be done. A finding of facts made for the purposes of an appeal presupposes that an appeal has been properly taken, and a special finding under §§ 5660, 5664, of the General Statutes is proper only upon the rendition of a judgment and cannot be claimed in connection with an interlocutory ruling. Whether a decision is a final judgment must be determined upon the face of the judgment. *Gulf Refining Co.* v. *U. S.*, 269 U. S. 125, 135, 46 Sup. Ct. 52. No appeal lies from the order dissolving the temporary injunction in this case.

The denial of an appeal from a ruling granting, denying or dissolving a temporary injunction is not so harsh as it might seem. The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits. *Deming* v. *Bradstreet*, 85 Conn. 650, 659, 84 Atl. 116. In deciding whether it should be granted or, if granted, whether it should be continued or dissolved, the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it, unless indeed, it is very clear that the plaintiff is without legal right. *Love* v. *Atchison, T. & S. F. Ry. Co.*, 107

C. C. A. 403, 185 Fed. 321, 331; *Ohio Oil Co.* v. *Conway,* 279 U. S. 813, 815, 49 Sup. Ct. 256. An examination of the memorandum of decision of the trial judge indicates that he may have overlooked these considerations. There was involved in the case no question of the jurisdiction of the court to which the action was brought to hear and determine it. " ' "Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." ' " *Loew's Enterprises, Inc.* v. *International Alliance of T. S. E.,* 127 Conn. 415, 420, 17 Atl. (2d) 525. If, upon the final hearing, the court should grant the plaintiff relief, it may be that this would be erroneous for the reasons stated in the trial judge's memorandum of decision, but the judgment would not be void for want of jurisdiction to entertain it. *Cerne* v. *Zahariades,* 121 Conn. 702, 183 Atl. 748; *Andrews* v. *Olaff,* 99 Conn. 530, 535, 122 Atl. 108. A ruling dissolving a temporary injunction is not res adjudicata as to the rights of the parties. *Knox & Lewis* v. *Alwood,* 228 Fed. 753, 755; *In re Estate of Ellenberger,* 171 Iowa 225, 238, 153 N. W. 1036. While the renewal of an application for a temporary injunction after one has been dissolved would ordinarily be futile, under the circumstances of this case the plaintiff might do so in order to preserve the status quo until the rights of the parties can be finally determined.

The appeal is erased.

In this opinion the other judges concurred.