[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE RESTRAINING ORDER
The plaintiffs herein have appealed a decision of the East Lyme Zoning Commission granting the defendants Wilson P. Scott and Clara A. Scott permission to remove gravel from their property located on Stone's Ranch Road.
The Court held a hearing on the above application on June 20, 1990.
The sole evidence offered by the plaintiffs was the testimony of the co-plaintiff, Stacy P. Palmer, who testified that both she and her husband were away from their residence during the permitted hours of the gravel removal operations. The Court took judicial notice of the contents of the returns of record in the appeal. The defendant Scott has commenced to exercise his permit.
Our Supreme Court has adopted the "balancing of equitus" test with respect to restraining orders under the UAPA (section 4-183(c) of the General Statutes). Griffin Hospital v. Commission on Hospital and Health Care, 196 Conn. 451,460. Included in such test are such matters as (1) the likely outcome of the appeal; (2) the irreparability of prospective harm to the applicant; and (3) the effect of delay on the parties as well as the public interest, pp. 458-9. See also Olcott v. Pendleton, 128 Conn. 292, 295 cited at p. 457.
In the present matter the plaintiffs have failed to show any present diminution of the enjoyment of their premises, nor any impairment, neither present nor future, of any adverse effect on the value of their property. In short, the plaintiffs have failed to demonstrate any harm, neither CT Page 462 present nor prospective, let alone any irreparable harm, a factor pertinent to granting such an application.
The Court also considered the likelihood of success of the plaintiffs' appeal. While this matter is more properly addressed when the plaintiffs' brief is filed, (see Curry v. Planning Commission, 34 Conn. Sup. 52), the Court further finds that the plaintiffs have failed to carry their burden of proof on this issue.
The application is denied.
BURNS, J.