[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STAY PROCEEDINGS
The plaintiff's license was suspended pursuant to the implied consent law, section 14-227b of the General Statutes as amended by Public Act No. 89-314, when he failed the required test on February 19, 1991 after being stopped for apparently driving under the influence of alcohol. After a hearing on March 15, 1991 the adjudication unit of the Department of Motor Vehicles suspended the plaintiff's motor vehicle operator's license for 90 days. The plaintiff brought this appeal and motion to stay proceedings.
At an administrative hearing the hearing officer is limited to deciding four issues: (1) whether there was probable cause for an arrest for driving under the influence of alcohol; (2) whether the person was placed under arrest; (3) whether the test results indicated that the blood alcohol ratio exceeded .10 at the time of arrest; and (4) whether the person operated the motor vehicle. The police officers involved in the arrest and testing of the plaintiff were not subpoenaed to the hearing and did not testify, but their report was admitted into evidence without objection. Under such circumstances the hearing officer properly relied upon the reports in deciding the four issues in section 14-227b
of the General Statutes. Volck v. Muzio, 204 Conn. 507,518. The plaintiff has not shown at this time a basis for a realistic challenge to any of the four findings made by the hearing officer. Insufficient evidence has been produced at this time of any ground that is reasonably likely to be successful at the time of trial. This is an essential requirement before a temporary injunction will be issued to preserve the status quo until the appeal is heard. Griffin Hospital v. Commission on Hospitals Health Care, 196 Conn. 451,457. The change in the statute for prompt suspension of a license would be severely undercut if stays of proceedings or temporary injunctions were routinely granted without the identification of an issue which had a good chance to result in a successful appeal. Even though suspension of the plaintiff's license may cause him some personal hardship, that alone is not grounds for granting a stay of the suspension order. Since an order of the court granting a CT Page 4553 temporary injunction is not appealable, Doublewal Corporation v. Toffolon, 195 Conn. 384, 389, the Court should be especially reluctant to grant one. Olcott v. Pendleton,128 Conn. 292, 295.
After considering the limited scope of judicial review and the plaintiff's failure to identify any significant factual or legal issue, it is very unlikely that the plaintiff will prevail in the appeal.
The motion for stay of proceedings is denied.
ROBERT A. FULLER, JUDGE