[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
Plaintiff Sakson Nursery, Inc. appeals the action of defendant Planning and Zoning Board of Appeals of the Town of Greenwich (PZBA) dismissing plaintiff's appeal from the issuance of a cease and desist order by the Greenwich Zoning Enforcement Officer. In connection with this appeal and pursuant to Conn. Gen. Stat. 8-8 (g) (rev'd to 1991), plaintiff has filed a Motion for Temporary Restraining Order. Plaintiff's motion is directed against the PZBA and requests that the PZBA "cease and desist from any further attempts to enforce the terms and provisions of the April 10, 1991 cease and desist letter issued by the Greenwich zoning Enforcement CT Page 6978 Officer." Plaintiff argues that if it is put out of business, plaintiff will suffer irreparable harm and that there is no adequate remedy at law. Plaintiff also argues that it has substantial vested property rights in the subject property. Plaintiff concludes that it has met the statutory criteria for the issuance of a temporary restraining order.
Defendant argues that plaintiff is attempting to reargue a prior zoning appeal between the parties that has been previously decided against the plaintiff. Defendant also argues that no stay of proceeding was granted in the prior suit and therefore "the status quo is that plaintiff's use is illegal."
Section 8-8 (g) provides in pertinent part that: "[t]he appeal. . . shall not stay proceedings on the decision appealed from. However, the court to which the appeal is returnable may grant a restraining order, on application, and after notice to the board and cause shown." Conn. Gen. Stat. 8-8 (g) (rev'd to 1991). Accordingly, in Section 8-8 (g) there is no automatic stay of the decision appealed from. In the instant case, the sheriff's return indicates that Paul B. Lynch, Chairman of the PZBA and Roland D. Harris, Greenwich Town Clerk, were served with the Motion for Temporary Restraining Order and Application for Order to Show Cause, Temporary Restraining Order and Order to Show Cause, affidavit, bond and writ, summons and complaint.
The question for this court to decide is whether cause has been shown pursuant to Conn. Gen. Stat. 8-8(g) to issue a temporary restraining order. No case law has been found interpreting Conn. Gen. Stat. 8-8 (g) and therefore, the court is provided with the analogous situation of a temporary injunction. "[A] temporary injunction. . .preserve[s] the status quo until the rights of the parties can be determined after a full hearing on the merits. . . ." Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457
(1985). In determining whether to grant a temporary injunction, the Connecticut Supreme Court has stated that:
 "the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it, unless indeed, it is very clear that the plaintiff is without legal right." (Emphasis added.) Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941).
This court has heard the evidence and has reviewed Judge CT Page 6979 Ryan's Memorandum of Decision dated August 29, 1990. It is clear that a commercial nursery was operated on these premises for a substantial period of time. It appears that the commercial nursery began about 1933 and it lost its status as apparently found by the Board and Judge Ryan when it was discontinued for a period of one year or more. Judge Ryan's decision lays out in detail the factual findings. It is also abundantly clear, that Mrs. Kruger's commercial nursery was run for a subtantial period of time. Testimony from Mrs. Kruger's son and Mr. Gex indicated that it was a commercial nursery. In addition, Mrs. Kruger signed an affidavit on the date of the sale that the use of her property as a commercial nursery had continued since 1933. It is clear that the plaintiff in buying the property relied on those representations. In balancing the equities, this court is of the opinion that the temporary restraining order should be granted using the test as set forth above.
Accordingly, the court issues the following order that the temporary restraining order is granted, which restraining order shall terminate on the soonest of the following happenings.
1. The instant case pending in this court subject to a motion to dismiss is dismissed.
2. That the petitioners certification to the Appellate Court is denied.
3. January 24, 1992.
In the event that the parties have not resolved their differences, or the case is still pending in the Appellate Court, the plaintiff may petition a judge of the Superior Court for a further extension in light of this opinion and the circumstances existing at the time using the balancing test or other standard as the court determines applicable at that time.
The court has also taken into consideration, the fact that the plaintiff purchased this property and paid over $600,000 for the premises, has over $100,000 worth of stock on the premises and that no harm was established to the neighborhood or adjoining properties by virtue of the continuation of these premises as a commercial nursery.
KARAZIN, J.