[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above-captioned action to foreclose a mortgage on real estate has applied variously for temporary injunctive relief and for the appointment of a receiver of rents to protect rights it claims under certain security agreements entered into in the same transaction that gave rise to the mortgage. CT Page 4589
That transaction was a loan by the plaintiff to defendant Meriden Main Limited Partnership, Ltd., ("Meriden Main") in the amount of $5,500,000.00. At the closing, the parties agreed, inter alia, to the following security interests and provisions:
1. A first mortgage on the land, building and other improvements of a Hampton Inn Hotel in Meriden, Connecticut that is the sole asset of Meriden Main. The note memorializing the loan provides for payment of monthly installments of $44,687.50 interest only until the 1993 maturity date of the note.
2. An assignment of all leases and other agreements affecting the use and occupancy of the mortgaged property, (Ex. C)
3. "the right to receive and apply the rents, issues and of the mortgaged property (hereinafter referred to as the Rents) to the payment of the Debt." (Ex. B, p. 2 para (d)).
4. A security interest in "all accounts, contract rights and general intangibles (including Tax Funds) now owned or hereafter acquired by the Borrower". (Ex. E).
5. A letter of credit, for each year of the loan, in an amount determined by the plaintiff upon which the plaintiff could draw to make up any shortfall between the net operating income of the total and the amount of the interest due under the note (Ex. 1, para. 2(g)).
The note provides, in the second paragraph of section 2(g), as follows: "[i]f Travelers is entitled, by the terms thereof, to draw upon any letter of credit which is securely for the Mortgage Loan, Travelers may apply the funds so drawn to reduce any sums outstanding under the Mortgage Loan, including but not limited to the principal balance."
Over a period of several months, the hotel did not generate enough income to pay both operating expenses and the interest payments. In March 1991, Meriden Main paid only $25,000. of the $44,687.50 payment of interest due for the month of February 1991. Meriden Main similarly made partial payments in the amount of $25,000. for each month until August 1991, when it ceased making any payments at all.
Some time after March 1991, the plaintiff called down the $146,000.00 letter of credit in effect for 1991 and applied the $146,000.00 to the principal of the loan, not to the overdue interest.
Recourse is limited by the terms of the note to the maker's CT Page 4590 interest in the mortgaged property "and the income therefrom"; and by the terms of the note Travelers waives the right to a deficiency judgment (Ex. A, para. 16).
The hotel has been appraised as having a fair market value of $3,000,000. as of December 20, 1991 (Ex. K.).
Travelers presented evidence to the effect that between January 1, 1991 and October 1991, when the hotel was not earning enough to pay expenses, individual unspecified members of the defendant partnership had contributed approximately $150,000.00 to fund the operation of the hotel, and that the management company that operates the hotel had in December 1991, paid back to these partners $80,000.00 from the revenues of the hotel.
Travelers characterizes all of the hotel's receipts from room charges as "rentals" or "leases" pursuant to the assignment of leases, and, in the alternative, invokes its security interest in accounts receivable. Travelers claims that injunctive relief is necessary and warranted to prevent Meriden Main from disbursing funds received from the operation of the hotel other than to Travelers or to pay ongoing operating expenses.
It is well established that the purpose of a preliminary injunction is to preserve the status quo and protect the movant from immediate and irreparable harm until the rights of the parties can be determined upon a full hearing on the merits of the claim for permanent relief. Olcott v. Pendleton, 128 Conn. 292,295 (1941), Deming v. Broadstreet, 85 Conn. 650, 659 (1912).
In assessing what it termed the analogous situation of the granting of a stay of an administrative order in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457
(1985), the Connecticut Supreme Court, citing Olcott v. Penleton, supra, stated that entitlement to such temporary relief requires a showing of 1) probable success on the merits of the claim and 2) a balancing of the results that may be caused to one party or the other from the granting of such temporary relief. The court in Griffin Hospital, supra, at 488, also cited with approval Covenant Radio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3
(1977), which enunciates as additional requirements for temporary injunctive relief 3) irreparable injury and 4) lack of an adequate remedy at law.
The injury which the plaintiff seeks to prevent is the expenditure by the defendants of income from the hotel for purposes other than the actual operation of the hotel or diminishment of the debt to the plaintiff during the pendency of the foreclosure action. The plaintiff emphasizes that because of the limited recourse permitted by the terms of the loan and CT Page 4591 because the hotel property is now worth far less than the unpaid balance of the loan, any value lost from assets in which the plaintiff has a security interest cannot be recovered from other sources.
The plaintiff has made a sufficient showing of likelihood of success on the merits of its claim that the defendant Meriden Main is in default of its obligations and that the plaintiff will be held to be entitled to its security, including the hotel and its revenues. The court is not convinced by the defendant's claim that it will not be found to be in default because the plaintiff could have applied the proceeds of the letter of credit to the interest payments that were due. Even if the defendants were correct in its reading of the agreement concerning use of the letter of credit, Meriden Main is likely to be found to have failed to pay interest in the amount of $19,717. for each of the months of February, March, April, May, June, July and August ($138,019.00) and in the amount of $44,717.00 for September. Even if the $146,000.00 from the letter of credit had been applied to interest, rather than to principal, Meriden Main is likely to be found to have been in default, as alleged in the foreclosure complaint.
The balance of potential harm tips in favor of the plaintiff.
Paul Underhill, director of operations of defendant Sovereign Management Corporation, which is under contract to operate the Meriden Hampton Inn for its owner, Meriden Main, testified that in December 1991 he had authorized payment in the amount of $80,000.00 from hotel revenues to unspecified partners of Meriden Main. Underhill had told a representative of the plaintiffs, Douglas Sessler, that this payment was meant to repay the partners for the infusions of cash into the accounts of the hotel at a time when its income was insufficient to meet its obligations. Financial records (Ex. 7) and testimony indicate that a total of $150,000.00 was paid in by the partners before April 1991. Mr. Underhill took the position that repayment of money to the partners out of income generated by the operation of the hotel was entirely routine and unobjectionable, and the court concludes that there is a risk that Meriden Main will authorize him to make similar payments in the future, in contravention of the secured right of the plaintiff in the accounts receivable.
The plaintiff contends that its right to all income from the hotel is further secured by an Assignment of Leases dated September 23, 1988, however it is not necessary to determine whether the receipts from a hotel constitute "rents" in view of the court's finding that the plaintiff had a secured interest in accounts receivable. The terms of the mortgage, moreover, authorize the plaintiff to apply "rents, issues and property of CT Page 4592 the hotel" to payment of the debt.
The court finds that the harm to the plaintiff from the denial of injunctive relief outweighs the harm to Meriden Main from its entry. Meriden Main agreed that the plaintiff had the right to apply the hotel's income to the debt and granted the plaintiff a security interest in the hotel's accounts, so it will suffer no harm from recognition of these interests. The plaintiff, by contrast, will be harmed by use of hotel income for purposes other than the operation of the hotel and payment of the debt, since the terms of the transaction limit its recourse to the mortgaged premises and its income. A financial loss in the absence of a source of eventual financial compensation has been held to constitute irreparable injury in Transamerica Rental Finance Corp. v. The Rental Experts, (Docket No. 3-91-130, Jan. 10, 1992 U.S.D.C. Conn). The same considerations as to the very limited recourse of the plaintiff lead the court to conclude that the plaintiff has met all remaining requirements for preliminary injunctive relief preventing the dissipation of hotel income that is subject to rights and interests of the plaintiff.
The remaining issue is the terms of the temporary relief to be provided. In its application for a preliminary injunction, the plaintiff proposed a detailed series of mandatory orders governing the conduct of the defendants. The court finds that sufficient and appropriate relief is furnished by the following prohibitory order:
IT IS HEREBY ORDERED that the defendants, Meriden Main Limited Partnership, Sovereign Management Corporation, their agents, servants, employees and those acting directly or indirectly in concert with them be and hereby are prohibited, during the pendency of this action or until further order of the court, from expending, transferring, reimbursing or otherwise disposing of any funds from the operation of the Meriden Hampton Inn other than to pay the direct and usual operating expenses of the hotel or to reduce the debt to the plaintiff.
This order includes, but is not limited to a prohibition against disbursements made to any person or entity as reimbursement for past contributions to the accounts of the hotel.
Because the above remedy is deemed sufficient to protect the demonstrated rights of the plaintiff pendente lite, the court denies without prejudice the plaintiff's further application for appointment of a receiver of rents.
BEVERLY J. HODGSON, JUDGE CT Page 4593