[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' APPLICATION FOR TEMPORARY INJUNCTION
The plaintiffs filed a complaint and application seeking a temporary injunction and other relief. The plaintiffs allege that they and the defendants are owners of premises in Colchester which are lots in the same subdivision and hence mutually subject to certain restrictive covenants. The particular restrictive covenant relied upon by the plaintiffs is Section I, paragraph 8, which states, "Satellite dishes are prohibited." See stipulation of facts, Exhibits A, B and C. The defendants and plaintiffs have stipulated that the defendants have placed a satellite dish on their property, and the plaintiffs seek a temporary injunction compelling the defendants to remove the dish claiming that the dish is in violation of the restrictive covenants which provide for enforcement by injunctive relief. The defendants claim that the satellite dish restriction is unenforceable because it violates FCC regulations. Both parties filed memoranda of law.
 I.
The purpose of a temporary injunction is to CT Page 136 preserve the status quo and protect the moving party from immediate and irreparable harm until the rights of the parties can be determined on a full hearing on the merits. Olcott v. Pendleton, 128 Conn. 292, 295 (1941). The plaintiffs, to be entitled to such relief, must show: (1) probable success on the merits of their claim; (2) a balancing of the results which may be caused to one party or the other by the granting or denying of the temporary relief requested; (3) irreparable injury; and (4) lack of an adequate remedy at law. See Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451, 457 (1985). "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court . . . ." Scoville v. Ronalter, 162 Conn. 67, 74
(1971).
General Statutes 52-472 provides in relevant part:
"[n]o temporary injunction may be granted . . . until the party making application therefor gives bond, with surety satisfactory to the court . . . granting the injunction, to the opposite party, to answer all damages in case the plaintiff fails to prosecute the action in which the injunction is applied for to effect; provided a bond need not be required when, for good cause shown, the court . . . is of the opinion that a temporary injunction ought to issue without bond."
On the state of the record, the plaintiffs have not shown that they will suffer immediate and irreparable injury unless the defendants' satellite dish is removed, nor have they clearly shown that they will probably succeed on the merits. On the contrary, if the temporary injunction were to issue, it would disrupt the present status quo, not preserve it. Also, the court notes that the plaintiffs did not file a bond with their application, nor did they show good cause for the issuance of a temporary injunction without bond, as required by General Statutes 52-472.
For the foregoing reasons, the application for a temporary injunction is denied. The parties are directed to close the pleadings forthwith and claim the case for a full hearing on the merits.
Teller, J. CT Page 137