[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR PRELIMINARY INJUNCTION
The plaintiff, Resurreccion Espinosa, filed an eight count revised complaint on October 6, 1992 seeking injunctive relief and damages arising out of the termination of her employment as a spanish teacher with Connecticut College.
In her complaint the plaintiff alleges breach of contract, wrongful termination, tortious breach of the implied covenant of good faith and fair dealing, interference with business and contractual relationships, defamation, emotional distress and negligent misrepresentation. The defendants are Connecticut College, Doris Meyer, the CT Page 5800 Chairman of the Hispanic Studies Department at the College, and Dorothy James the Dean of Faculty and Provost of the College. The motion presently before the court is the plaintiff's motion for preliminary injunction seeking to enjoin the defendant from dismissing her from her employment until there is a final determination on the merits of the plaintiff's complaint.
FACTS
The court has reviewed with great care thirty-four exhibits filed by the plaintiff and fourteen exhibits filed by the defendants. The court also heard the testimony of ten witnesses over a three day period. After a full review of all the evidence the court is of the firm belief that the subsequent facts have been proven.
The plaintiff was originally hired by Connecticut College on August 30, 1985 as a part-time Visiting Instructor in Hispanic Studies. (Plaintiff's Exhibit F). This contract was renewed for the 1986-87, 1987-88, 1988-89, 1989-90 and 1990-91 school years. (Plaintiff's Exhibit F). Over these years, the plaintiff's responsibilities increased as well as her yearly salary. (Plaintiff's Exhibit F). The job title for the plaintiff's position was Visiting Instructor in Hispanic Studies which was changed in 1989 to Language Specialist in Hispanic Studies. (Plaintiff's Exhibit F). In a letter dated May 17, 1991 to the plaintiff, the president of Connecticut College offered her an appointment as Visiting Instructor in Hispanic Studies. (Plaintiff's Exhibit O). The president states in this letter that she is offering this appointment despite the recommendation of the Chairman of the Hispanic Studies Department that the plaintiff's appointment should not be renewed. The president then emphasizes, in her letter, that the plaintiff's status with the College has always been that of a non-probationary period employee, meaning an employee not on tenure-track. The president also states that the plaintiff's appointment is, as it has always been, for a fixed period and expires if not renewed at the end of that fixed period. Also in the same letter, the president informs the plaintiff that Connecticut College has created a new tenure-track position in the Hispanic Studies Department to begin in 1992 and welcomes the plaintiff to apply. CT Page 5801
On June 3, 1991, the plaintiff filed a grievance concerning her unfavorable recommendation and the implicit demotion from "Language Specialist" to Visiting Instructor. (Plaintiff's Exhibit Q).
The Grievance Committee reviewed the plaintiff's claims and on June 17, 1991 issued a review of the findings. (Plaintiff's Exhibit Q). After wrestling with which section of the IFF applied to the plaintiff, as her position was unique and not contemplated in the IFF, the Grievance Committee determined that the chairman did not properly follow the procedures in the IFF pertaining to the termination of appointment for a non-tenure track faculty member, and recommended that she be reinstated to the position of Language Specialist for the 1991-92 academic year. The Grievance Committee also noted that under the IFF the plaintiff was entitled to twelve months notice of the termination of her appointment.
On July 23, 1991, the president issued a memorandum reflecting an agreement among herself, Dorothy Meyer, the chair of the Hispanic Studies Department, and the plaintiff regarding the review procedure concerning the plaintiff's appointment. (Defendant's Exhibit 10).
On December 2, 1991, the plaintiff filed another grievance regarding; 1) materials were missing from her personnel file; 2) the mailing of a teaching observation report to all full-time members of the department; and 3) action which tended to reduce the role of one faculty member in her review process. (Plaintiff's Exhibit FF). After a review, the grievance committee recommended that the plaintiff's file be completed, that all full-time department members have the opportunity to review this file, and that the president and the Advisory Committee base their decision on this completed file. (Plaintiff's Exhibit T).
Subsequently, in a letter by the president to the plaintiff dated March 12, 1992, the president indicated that the plaintiff did not have a further right to appeal the non-renewal of her appointment. (Plaintiff's Exhibit HH). The president then explained that the plaintiff was terminated because she does not maintain the necessary skills to function as an effective language coordinator. CT Page 5802
DISCUSSION
The purpose of a temporary injunction is to preserve the status quo and protect the moving party from immediate and irreparable harm until the rights of the parties can be determined on a full hearing. Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941). The plaintiff, to be entitled to such relief, must show: 1) probable success on the merits of the claim; 2) a balancing of the results which may be caused to one party or the other from the granting of such temporary relief; 3) irreparable injury; and 4) lack of an adequate remedy at law. Griffin Hospital v. Commission on Hospitals and Health Care,196 Conn. 451, 493 A.2d 229 (1985). "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court. . . ." Scolvile v. Ronalter, 162 Conn. 67, 74, 291 A.2d 222 (1971).
In her memorandum of law in support of the motion, the plaintiff argues that she is entitled to a temporary injunction because she has no adequate remedy at law in that "money damages are insufficient to address the destruction of the plaintiff's career and the necessity that a declaration issue that it is unacceptable to terminate an employee in retaliation for exercising rights provided to her in connection with her employment." The plaintiff also asserts that she has demonstrated the probability of her success.
"It is well settled that an individual's loss of employment and wages, without more, does not constitute an irreparable injury for the reason that eventual receipt of back pay has been viewed as an adequate remedy at law." Local 818 v. Town of East Haven, 42 Conn. Sup. 227,614 A.2d 1260 (1992).
There was no evidence presented by the plaintiff as to what harm she herself would suffer as a result of non-renewal of her year to year contract. She testified that she has made no attempt to find another job nor has she made an attempt to get a recommendation for another position. Furthermore, since her original appointment in 1985, she made no attempt to take courses to qualify for another job, even though courses were available to her.
To show irreparable harm the plaintiff called a CT Page 5803 former Spanish Professor at Connecticut College, a Mr. John F. Deredito, who testified that in his opinion he suffered irreparable harm when he was denied tenure by Connecticut College in 1984. However, his situation differs from that of the plaintiff in that in his case it was the "denial of tenure" that caused him difficulty in obtaining future employment. He testified that the trend is that denial of tenure causes careers to be ruined.
The plaintiff was not on the tenure track. She was a year to year employee. The court finds her case completely distinguishable from that of Mr. Deredito.
The court therefore finds that the plaintiff has failed to prove that money damages are inadequate or that she will suffer irreparable harm if the temporary injunction does not issue.
Furthermore, the court finds that the plaintiff has not proven probable success on the merits. The plaintiff's main argument that she was wrongfully discharged is that she was not provided a fair hearing which she is entitled to under the provision of Connecticut Colleges' IFF.
As the plaintiff's appointment is with a private college, her entitlement to a "fair hearing" or "due process" must necessarily be embodied in the employment contract. The plaintiff has not shown that her contract with Connecticut College was anything more than an appointment for a fixed period which expired at the end of that fixed period. Furthermore, a review of the evidence submitted at the hearing indicates that Connecticut College, despite the fact that her contract with them did not entitle her to any review procedures, provided the plaintiff with an extensive process to ensure that the review of her employment with the College was fair. Accordingly, the plaintiff has not proven probable success on the merits.
CONCLUSION
The plaintiff has proven neither irreparable injury nor probable success on the merits. The plaintiff's motion for temporary injunction is hereby denied.
Hurley, J. CT Page 5804