[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Housing Authority of the Town of Griswold is seeking CT Page 7958-AA to enjoin defendant Water Pollution Control Authority of the Borough of Jewitt City ("WPCA") from collecting sanitary sewer use charges from the plaintiff. The plaintiff names WPCA and its clerk, Jeanne Fischer, as defendants.
In its complaint, the plaintiff alleges that it is a municipal housing authority which manages municipal housing facilities for the elderly located within the Borough of Jewitt City and the Town of Griswold, which facilities are tied into the sanitary sewer network and plant operated by WPCA. The plaintiff alleges that WPCA has billed the plaintiff for sanitary sewer use charges and that on January 14, 1993, defendant Fischer served the plaintiff with a tax collector's demand. The plaintiff further alleges that it is exempt from these charges pursuant to General Statutes 8-118a.
The present issue before the court is the plaintiff's application for a temporary injunction. The principal purpose of a temporary injunction is to preserve the status quo and protect the moving party from immediate and irreparable harm until the rights of the parties can be determined on a full hearing. Olcott v. Pendleton,128 Conn. 292, 295 (1941). The plaintiff, to be entitled to such CT Page 7958-BB relief, must show: (1) probable success on the merits of the claim; (2) a balancing of the results which may be caused to one party or the other from the granting of such temporary relief; (3) irreparable injury; and (4) lack of an adequate remedy at law. Griffin Hospital v. Commission on Hospitals and Health Care,196 Conn. 451, 457-58 (1985). "The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court. . . ." Scolville v. Ronalter, 162 Conn. 67,74 (1971).
The court will only address whether the plaintiff has shown probable success on the merits of its claim because the determination of this issue is dispositive of the plaintiff's application for temporary injunction. The plaintiff argues that it is exempt from paying the sewer system use fee charged by WPCA pursuant to General Statutes 8-118a which reads in relevant part:
 In lieu of real property taxes, special benefit assessments and sewerage system use charges otherwise payable to a municipality, a local authority shall pay each year, to the municipality in which any of its housing projects for elderly persons is CT Page 7958-CC located, a sum to be determined by the municipality with the approval of the commissioner of housing. . . .
General Statutes 8-113a(b) provides:
 "Municipality" means any city, borough or town. "The municipality" means the particular municipality for which a particular housing authority is created.
The plaintiff argues in its brief that Section 8-118a sets out the exclusive means by which WPCA may receive payment from the plaintiff. WPCA, in its brief, argues that Section 8-118a does not preclude it from collecting sewer system use fees from the plaintiff. However, it is unnecessary to address WPCA's argument. Section 8-118a does not apply to the present case because WPCA is not a municipality as defined by Section 8-113a(b), but is rather a separate municipal entity created pursuant to General Statutes 7-246. See Metropolitan District v. Housing Authority,12 Conn. App. 499, 505, 507 (1987).
The plaintiff has not demonstrated probable success on the CT Page 7958-DD merits of its claim. Accordingly, the plaintiff's application for temporary injunction is denied.
Hendel, J.