[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
There is little appellate case law in Connecticut on the criteria for the granting or denial of an application for a temporary injunction. In Olcott v. Pendleton, 128 Conn. 292, 22 A.2d 633 (1941), the court stated: "The principal purpose of such an injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits. Deming v. Bradstreet, 85 Conn. 650, 659,84 A. 116. In deciding whether it should be granted or, if granted, whether it should be continued or dissolved, the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it, unless indeed, it is very clear that the plaintiff is without legal right." Id., 293. Our CT Page 4074 Supreme Court also has remarked that "[t]his criterion necessarily requires consideration of the probable outcome of the litigation. Decisions of our trial courts have frequently referred to the burden of an applicant to show reasonable degree of probability of success before a temporary injunction to preserve the status quo may be granted.Connecticut State Medical Society v. Connecticut Medical Service, Inc.,29 Conn. Sup. 474, 477-78, 293 A.2d 794 (1971); Hopkins v. Hamden Boardof Education, 29 Conn. Sup. 397, 417, 289 A.2d 914 (1971); TorringtonDrive-In Corporation v. I.A.T.S.E.M.P.M.O. Local 402, A.F.L.,17 Conn. Sup. 416, 418 (1951)[.] The need to show an irreparable loss unless the status quo is preserved has also been often mentioned. Covenant RadioCorporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3, 390 A.2d 949
(1977); Colchester v. Reduction Associates, Inc., 34 Conn. Sup. 177,185, 382 A.2d 1333 (1977). The cases have also alluded to the harm likely to be sustained by other parties as well as the public from preservation of the status quo. Connecticut Assn. of ClinicalLaboratories v. Connecticut Blue Cross, Inc.[,] 31 Conn. Sup. 110, 121,324 A.2d 288 (1973); Martino v. L. D. DeFelice Son, Inc.,16 Conn. Sup. 18, 19 (1948)." Griffin Hospital v. Commission onHospitals Health Care, 196 Conn. 451, 457-458, 493 A.2d 229 (1985).
Because of the imminence of the trial of the case on the merits next month and the probability that the two majority shareholders will ultimately purchase the assets of the corporation in any event, little if any harm will be visited on the defendant by the issuance of a temporary injunction. On the other hand, seeing through to the realities of the case; S.E.C. v. Research Automation Corp, 585 F.2d 31, 34 (2d Cir. 1978); real harm indeed may be suffered by the plaintiff if no injunction now issues and the majority shareholders are permitted to dissolve the corporation pursuant to General Statutes § 33-376.[1]
Moreover, it cannot be said that "it is very clear that the plaintiff is without legal right"; Olcott v. Pendleton, supra, 128 Conn. 295; with respect to his application for dissolution of the corporation pursuant to General Statutes § 33-382[2] and the appointment of a receiver.
The application for a temporary injunction is granted.
BY THE COURT
Levin, J.