[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION FOR TEMPORARY INJUNCTION
This case comes to this court on an Application For Temporary Injunction and Order to Show Cause. The parties appeared before the court and presented evidence. Substantially, Paragraphs #9, #10, and #11 of the Plaintiff's Complaint lay out all of the problems concerning the premises.
The principal purpose of temporary injunctions generally is to preserve the status quo until the rights of the party can be determined after a full hearing on the merits. Alcott v.Pendleton, 128 Conn. 292, 295 (1941). The issuance of an injunction "is the exercise of an extraordinary power. . ." Scovillev. Ronalter, 162 Conn. 67, 74 (1971. In order to prevail on a temporary injunction, there must be as the second element "the imminence of substantial and irreparable injury to the plaintiff, considered with the weighing of the results on both parties.Connecticut Association of Clinical Laboratories v. ConnecticutBlue Cross, Inc., 31 Conn. Sup. 110, 113 (1973). In deciding whether to grant or dissolve a temporary injunction, the court must balance the results which may be caused to one party or the other.Alcott v. Pendleton, supra at pg. 295.
The parties admit that a valid contract was entered into between them. The plaintiff is the purchaser and the defendant is the seller. The defendant is constructing the house under the contract on land owned by him. The claim for relief by the plaintiff is "a temporary and permanent injunction restraining the defendant from violating his covenants."
The contract was admitted as Exhibit #14. Change order #3 was admitted as Exhibit #15. Exhibit #15 provides in paragraph M "the seller agrees that buyer shall have a clear view of the river from that part of the premises designated as the ballroom. Seller agrees that if it is necessary to remove soil to achieve that result, seller will perform that work at his sole expense." The court viewed the premises on Saturday, October 28, 1995 at 10:00 a.m. after the conclusion of the hearing. The court finds that there was clear view of the river from the ballroom. The court finds that Exhibit S fairly depicts what the court saw from the ballroom.
The court further notes that a Certificate of Occupancy has been given by the Building and Zoning Department of the Town of Westport for the premises, Exhibit Q. The testimony of the building official was that a Certificate of Occupancy means that this house is suitable for occupancy. A dispute centered around CT Page 12549 the fact that only one bathroom was working. That issue was directly addressed by the building official when he indicated that one bathroom is sufficient for a Certificate of Occupancy.
The court in rendering this decision has taken into consideration all of the testimony of the witnesses, the exhibits and the claims of law.
Accordingly, the court denies the request for Temporary Injunction. The court finds there has been no showing of the imminence of substantial and irreparable injury to the plaintiff. The items claimed can all be solved by the plaintiff spending money.
KARAZIN, J.