[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the plaintiff's application for a prejudgment attachment and garnishment and on the plaintiff's application for a temporary injunction and appointment of a temporary receiver.
This case has been pending since 1995, and service was made on counsel for the defendant. The applications were originally scheduled to be heard on the special proceedings calendar on October 18, 1996. Because the parties estimated that the issues would require a hearing lasting four days, the court rescheduled the hearings to November 19, 1996. When counsel were invited to proceed with evidence on that day, plaintiff's counsel requested that the court determine the applications solely upon the papers filed. The plaintiff offered no additional testimony. The defendant did not object to having the case taken on the papers, and it thereby waived any right to present evidence or to object to the affidavits and other materials filed in support of the applications by the plaintiff.
Application for Prejudgment Attachment
The plaintiff has not specified those counts of the complaint as to which it claims to have established probable cause to support an attachment. The only supporting affidavit concerns the claim set forth in Count Five of the Second Amended Complaint concerning alleged underpayment of fees due pursuant to a CT Page 7385 contract between the plaintiff and the defendant.
In Count Five of the second amended complaint, the plaintiff alleges that the defendant leased some property from the plaintiff for use as a bulky waste disposal area, and that the defendant agreed to pay the plaintiff thirty-seven percent of the gross fees received as to the monthly gross yardage of bulky waste received from others who paid the defendant for receiving their truckloads of bulky waste. The plaintiff alleges that the defendant failed to collect fees based on cubic yardages and instead charged by tonnage, resulting in lower fees. The plaintiff alleges that the bulk waste received, measured by yardage, should have generated fees higher than those charged by the defendant with the result that the plaintiff has received its percentage on diminished fees. The plaintiff has calculated the fees that he believes should have been generated had the defendant charged by cubic yardage, and he seeks to recover the difference between the percentage paid on actual receipts and the percentage due if the defendant had charged by yardage.
The plaintiff claims that paragraph 4.02 of his contract with the defendant obligated the defendant to charge by the cubic yard and pay the plaintiff 37 percent of the gross fees so charged. The court finds that the plaintiff has established probable cause as to this claim, since, among other things, the cited section of the contract requires the defendant to obtain the plaintiff's consent to charges less than $12.50 per cubic yard, a specification that confirms the yardage basis for fees and commission.
The plaintiff has presented an affidavit in which a certified public accountant, Philip J. DeCaprio, Jr., has reported a calculation of the underpayment, based on manifests of the defendant that contain calculations of both tonnage and yardage, enabling a calculation of the fees due if charges were based on yardage.
On the basis of the affidavit and contract, the court finds that the plaintiff has established probable cause that he will establish underpayments in the amount of $884,709.00.
A prejudgment attachment of the assets of the defendant is authorized in the amount of $884,709.00. The defendant may substitute a bond in that amount. CT Page 7386
The plaintiff's motion for disclosure of assets is granted. Disclosure shall be made in writing by December 17, 1996.
Injunctive Relief and Receivership
The sole evidence that the plaintiff has presented in support of his application for injunctive relief and the appointment of a receiver is the following statement in the affidavit of Philip DeCaprio:
 "19. Unless the attachment, receivership and injunction are granted, the defendant will state and deplete its assets, and plaintiff laches and will lack a remedy at law."
The affiant sets forth no facts in support of this conclusion.
In order to obtain temporary injunctive relief, a party must establish a reasonable degree of probability that it will ultimately prevail on the merits and that denial of such relief may result in greater harm to the plaintiff than will result to the defendant from granting relief. Griffin Hospital v.Commission on Hospital and Health Care, 196 Conn. 451, 457
(1985), citing Olcott v. Pendleton, 128 Conn. 292, 295 (1941).
Having failed to present any facts that would support its conclusory statement that the defendant will engage in conduct that removes the plaintiff's prospects of recovering money damages, the plaintiff has failed to establish that he is entitled to injunctive relief. His application for an injunction is therefore denied.
The plaintiff has likewise not adduced facts to support a finding that it is necessary to appoint a receiver to conduct the business of the defendant, and its application is denied.
The plaintiff has failed to present sufficient proof of entitlement to further relief, and only the attachment is authorized among the remedies sought.
Beverly J. Hodgson Judge of the Superior Court CT Page 7387