[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On the defendant's application to dissolve this temporary injunction, "the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it unless, it is very clear that the plaintiff is without legal right." Olcott v. Pendelton, 128 Conn. 292, 295 (1941). But the reverse of this proposition must also be true; that is, where the harm to the defendant outweighs the harm to the plaintiffs, the court may exercise its discretion in favor of dissolving the injunction unless it is very clear or probable that the defendant is without right. To put it another way, that it is reasonably certain that the plaintiff will prevail at trial on the permanent injunction. Covenant Radio Corp. v. Ten Eighty Corp. 35 Conn. Sup. 1, 3 (1977).
The defendant argues that it is very clear that these plaintiffs have no legal right to an injunction because underWalker v. Jankura 164 Conn. 482 (1972), eligibility for the promotional exam is to be determined by counting 120 days from the date the vacancy was created, thus "reconstructing" eligibility. The plaintiffs contend that in order to be eligible a candidate must have had one year in grade prior to creation of the vacancy, not within 120 days thereafter. Each of the plaintiffs qualify with a year in grade prior to the date of the vacancy. They seek to exclude from eligibility those whose one year matured after the vacancy but within the 120 day period.
Whether the plaintiffs are reasonably certain to prevail on the permanent injunction turns first on the legal effect ofWalker v. Jankura and its progeny. See, Santora v. Miklus,199 Conn. 179, 181 (1986); Dospoj v. Civil Service Commission, Superior Court, Judicial District of Fairfield, D.N. CV900273163S, Spear, J. (1992); International Association ofFirefighters v. Bridgeport Civil Service Commission, Superior Court, Judicial District of Fairfield, D.N. CV95-302995, Levin, J. 1995; Chapman v. City of Bridgeport, Superior Court, Judicial District of Fairfield, D.N. CV 331064S, Moran, J. (1995). CT Page 13003
Having analyzed the applicable case law this court holds that whenever a promotional examination is not held within 120 days of the vacancy as required by § 211 (b) of the City Charters, eligibility must be reconstructed so that time in grade is review in the event that the reconstructed date is selected out of favoritism, corruption or for any other illegal reason. Santorav. Miklus, supra at 191 n. 6; Doszpoj v. Civil ServiceCommission, supra at 12. Thus, on the state of the record now before the court it does not appear reasonably certain or even likely that the plaintiffs will prevail at the trial on the permanent injunction. Accordingly because there is no claim in this case that the examination was delayed for more than 120 days for any improper purpose, the defendant's application is granted and the temporary injunction is hereby denied.
MOTTOLESE, J.