[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Ridge Homeowners Association, Inc. seeks a temporary injunction barring ARM Properties, Inc. from taking steps toward subdividing a parcel of land. For the reasons stated below, the plaintiff's request for a temporary injunction is denied.
Defendant ARM Properties, Inc. is the owner of a 12.26 acre parcel of land that is located within the boundaries of a common interest community in Fairfield, Connecticut, that is known as "The Ridge." ARM, who developed the community, has development rights in the 12.26 acre parcel that will expire in the year 2004. Recently, ARM has taken preliminary steps to subdivide the property.
The plaintiff is the community association that now controls The Ridge. It claims that the defendant's efforts to obtain approval of a subdivision will violate a land restriction that benefits the plaintiff and will also interfere with the homeowners' peaceful and quiet enjoyment of their community.
Defendant ARM's title to the 12.26 parcel is subject to a restriction that requires the developer, should it wish to create more than 84 lots in the community before January 5, 2018, to obtain permission to do so from the previous owners of the land that was developed into The Ridge community. The previous owners, William L. Rudkin and Henry A. Rudkin, retained ownership of land adjacent to the 12.26 acre parcel. The Rudkins sold the adjacent land to ARM and now no longer own land adjacent to the parcel or the community.
In 1990, the plaintiff association brought suit against the defendant seeking, among other things, to prevent subdivision of the 12.26 acre parcel. The parties entered into a settlement agreement, which was incorporated into a judgment. The agreement provides, in part, that "ARM agrees to use reasonable efforts to obtain the release of the Rudkin restrictions at least one year prior to the expiration of its Development Rights." The agreement also provides that "ARM may, at such time as the Rudkin Restrictions shall expire, or at such earlier time as they may be released . . . commence application to such governmental or quasi-governmental agencies having cognizance thereof, for permission to subdivide. . . ." Under the agreement, the plaintiff is to receive part CT Page 15310 of the 12.26 acre parcel for community use. The amount of land to be given to the association is dependant on the number of building lots that are approved.
ARM has commenced a declaratory judgment action to get the Rudkin restrictions released. In that suit, ARM claims that the restrictions are invalid in light of the fact the Rudkins no longer own adjacent land. Recently, ARM gave the plaintiff association a preliminary draft of a proposed sub-division. This latter action prompted the plaintiff to seek injunctive relief
The plaintiff asserts that a temporary injunction is necessary to preserve the status quo and protect the plaintiff from immediate and irreparable harm. In deciding whether to grant a temporary injunction, "the court is called upon to balance the results which may be caused to one party or the other . . ." by the court's issuing or not issuing an injunction. Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941); see also Griffin Hospital v. Commission on Hospitals and Healthcare,196 Conn. 451, 457-58, 493 A.2d 229 (1985); Hartford Electric Light Co.v. Levitz, 173 Conn. 15, 22, 376 A.2d 381 (1977). With respect to harm that the plaintiff might suffer, the plaintiff's manager testified about the fears of the homeowners that heavy construction equipment will damage the roadways, curbing, and greenbelt and about their concerns that additional residents and vehicular traffic will impact on the safety of the neighborhood, wildlife habitat, and the community pool and parking facility.
ARM, on the other hand, claims that an injunction will cause it to lose its development rights in the 12.26 acre parcel, will cause it to breach its obligations under the 1990 settlement agreement, and may further cause it to lose rights to develop the land should the Town of Fairfield change its zoning ordinances and regulations before the property is subdivided.
Upon review of the parties' claims, the court notes that the harm about which the plaintiff association complains will not occur, should it occur at all, unless and until construction activity commences. The plaintiff has not shown that construction activity is about to commence. Moreover, the plaintiff's claim that it has a right to enforce the Rudkin restriction as "third party beneficiaries" is not well supported in light of the parties' 1990 settlement agreement. The defendant, on the other hand, may suffer irreparable harm during the course of this litigation if it is temporarily enjoined from taking steps to subdivide the property.
Accordingly, the plaintiff's application for a temporary injunction is denied. CT Page 15311
THIM, J.