[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION (#109)
Before the court is an application for a temporary injunction. This application concerns a court-ordered re-bid on the construction of the West Haven police station. Consolidated Contractors, Inc., the plaintiff, claims that the re-bid was flawed. It seeks an injunction against the defendants, West Haven and Tomlinson Hawley Patterson (THP).
THP was the original successful bidder on the project, though it was the second-lowest bid. It entered into a contract with West Haven, which provided that West Haven could terminate the contract for convenience if work stopped for thirty days due to an "issuance of a court or other public authority having jurisdiction." The contract also provided that once it was terminated for convenience West Haven would pay for work already completed. Soon after being awarded the contract, THP and its subcontractors began to work on the project.
On March 7, 2002, the plaintiff filed its first application for a temporary injunction. This court granted the application on March 27, 2002 and ordered West Haven to re-bid the project.
Between the time of the court's order and the re-bid, West Haven met with its construction manager, the Joseph F. Kelly Company (Kelly Company). They determined that if THP was not the successful bidder on the re-bid, West Haven would have to terminate the contract for convenience because the injunction was entered due to West Haven's actions in the bidding process. In order to avoid some of the cost of a possible termination, West Haven contacted three subcontractors; Berlin Steel Construction Company, Otis Elevator Company, and Fox Steel Products; and asked if they would assign their subcontracts to the contractor who would be awarded there-bid. They all agreed.
As a result, the re-bid was substantially the same, except it now required that all bidders accept assignment of three subcontractors. It CT Page 12417 also added a ten percent charge to the bid.
On April 30, 2002, West Haven opened the bids, revealing that the plaintiff was the second-lowest bidder and THP was the lowest bidder. On June 5, 2002, the plaintiff filed its second application for a temporary injunction. The plaintiff claims two defects which it contends entitle it to a temporary injunction.
 DISCUSSION
"In order to obtain injunctive relief, a party must establish a reasonable degree of probability of success on the merits of its claim and the imminence of substantial irreparable injury for which there is no adequate remedy at law. The court must also consider the harm to the respective parties and to any public interests that may be affected by the entry or failure to enter injunctive relief. Griffin Hospital v.Commission on Hospital and Health Care, 196 Conn. 451, 457 (1985), citingOlcott v. Pendleton, 128 Conn. 292, 295 (1941)." Musto v. Opticare EyeHealth Centers, Superior Court, Complex Litigation Docket of Waterbury, Docket No. CV 99 00155663 (August 9, 2000, Hodgson, J.).
The court notes that as a matter of law the plaintiff's claims, if proven, would evince irreparable harm for which there is no adequate remedy at law. Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,410-416, 722 A.2d 271 (1999). Therefore, in order to succeed, the plaintiff must show that it has a probability of success on the merits.
An application for a temporary injunction brought by an unsuccessful bidder to a municipal project has limited grounds on which the court may grant the application. "[O]nly where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials, does an unsuccessful bidder have standing to challenge the award." (Internal quotation marks omitted.) ArdmareConstruction Co. v. Freedman, 191 Conn. 497, 501, 467 A.2d 674 (1983). Accordingly, the plaintiff must demonstrate a probability that it will show fraud, corruption or favoritism has influenced the conduct of the bidding officials or it must show a probability that the very object and integrity of the competitive bidding process was defeated.
The plaintiff raises two grounds, both related to the assignment of the subcontracts. The first ground is that the subcontracts are illegal and cannot be assigned. The second ground is that the process favored THP because THP had prior knowledge of the subcontract designs and could, thus, tailor its bid to that knowledge and also that THP was favored CT Page 12418 because the plaintiff could have made a lower bid if allowed to find different subcontractors.
 I
The plaintiff may only claim the narrow grounds discussed above in order to receive a temporary injunction. As an argument for granting the injunction, the plaintiff claims that the subcontracting assignments were illegal because the subcontractors are not within a contractual relationship with West Haven.
No party contests that "[o]rdinarily, a contract with a municipal corporation is assignable, including contracts for local improvements let to the lowest bidder. . . ." 10A E. McQuillin, Municipal Corporations (3d Ed. Rev. 1999) § 29.122, p. 174. The plaintiff, however, is challenging the very nature of the subcontracts. The only permissible ground that this challenge could satisfy is that the municipal officers' actions defeated the object of the bidding process.
"[M]unicipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts, to secure the best product at the lowest price, and to benefit thetaxpayers, not the bidders; they should be construed to accomplish these purposes fairly and reasonably with sole reference to the publicinterest." (Emphasis in original; internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, supra, 247 Conn. 412-13. The plaintiff's ground is unavailing because the plaintiff lacks standing to raise this particular issue and the actions of West Haven did not defeat the object of the bidding process.
The plaintiff claims that West Haven cannot assign the subcontracts because it must first follow its bidding procedures. This court finds that the plaintiff does not have standing to make this particular argument. In order to challenge the awarding of a municipal contract, the plaintiff must either have bid on the project or demonstrate that the specifications of the bid kept it from bidding on the project. UnisysCorp. v. Department of Labor, 220 Conn. 689, 695, 600 A.2d 1019 (1991). The plaintiff in the present case has not shown that it bid upon the subcontracts or that it would have bid upon them, but for the specifications.
Furthermore, West Haven has demonstrated that the assignment of the subcontracts was done in the public interest. Given the determination of the potential liability and the re-bid ordered by this court, it was in the public interest to minimize the costs. Affidavits from Richard Legg, CT Page 12419 the finance director of West Haven, and Arthur Kelly, the president of the Kelly Company, both averred that the proposed subcontractors had completed significant work on the project and that they believed that if they did not assign these subcontracts, West Haven would have liability for the work that was completed.
To benefit the taxpayers, West Haven determined it should assign the contracts. Because this is in the public interest and the plaintiff does not have standing to attack the validity of the subcontracts, then the plaintiff has not shown that it has a probability of success on the merits based upon its first ground.
 II
The second ground that the plaintiff claims is that the assignment of the subcontracts unfairly favored THP. It argues that THP had unique knowledge of the subcontractors' plans that allowed THP to lower its bid. Also, the plaintiff claims that it could have found other subcontractors if not for the mandatory assignment.
The assignment of the subcontractors in this case acts as a sole source specification on the project. Sole source specifications, while legal, are not favored. They will not constitute a ground for granting an injunction, however, unless the "specifications are drawn to the advantage of one manufacturer not for any reason in the public interest but, rather, to insure the award of the contract to that particular manufacturer." (Internal quotation marks omitted.) Unisys Corp. v.Department of Labor, supra, 220 Conn. 696.
In the present case, the plaintiff claims that the specification favored THP. This claim is unsubstantiated.
First, the assignment of the subcontractors was evenly applied to all bids. No matter the initial bid, the bidder had to add ten percent of its bid price to the bid and all bidders were allowed to get information from the subcontractors regarding the costs of the goods and services the subcontractors would provide. As discussed in Part I of this memorandum, assigning the subcontracts was not impermissible and, thus, it does not matter that the plaintiff could get lower subcontractor prices because sound reasons existed to assign the subcontracts in order to benefit the public.
Secondly, the plaintiff has not demonstrated the inside knowledge that THP had in order to make its bid. Except for the claim that THP benefitted from its knowledge of the subcontractors, no other evidence CT Page 12420 was produced to show what knowledge THP had acquired to impermissibly make its bid lower or that the bid favored THP.
Accordingly, the plaintiff has not shown that THP had special knowledge making it the favored bidder and that the plaintiff has failed to show that its ability to get lower subcontracts would counter the public benefits to assigning the subcontracts. For the above reasons, that the plaintiff has failed to show a probability of success on the merits on its second ground.
For the reasons stated herein, this court denies the application for temporary injunction.
GROGINS, J.T.R. CT Page 12421